**JENNER & BLOCK LLP**
Kate T. Spelman (Cal. Bar No. 269109)
kspelman@jenner.com
Kristen L. Green (Cal. Bar No. 328618)
kgreen@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone:    (213) 239-5100
Facsimile:    (213) 239-5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Phone:    (312) 222-9350
Facsimile:    (312) 527-0484

Attorneys for Defendant
Colgate-Palmolive Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON, KRISTIN DELLA, and JILL LIENHARD, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>Defendant. | Case No. 3:23-cv-04086-JCS<br><br>The Honorable Joseph C. Spero<br><br>**COLGATE-PALMOLIVE COMPANY'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date:    February 9, 2024<br>Hearing Time:    9:30 a.m.<br>Courtroom:    D, 15th Floor |

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................................1

II. ARGUMENT ..........................................................................................................................1

    A.    Plaintiffs Have Not Plausibly Alleged That Colgate's Labeling Contains Any
         Misrepresentations or Omissions That Would Mislead Reasonable Consumers. ...............1

         1.    Colgate's "Recyclable Tube" Claim Truthfully Conveys the Intrinsic
               Recyclability of the Products. ...................................................................................3

         2.    Colgate's Website Provides Substantial Information to Consumers
               Regarding Potential Limitations on Recycling Facility Acceptance of
               Recyclable Tubes During the Market Transition. .....................................................5

    B.    Colgate's "Recyclable Tube" Claim is Not Unlawful Because It Satisfies the
         Green Guides. ..................................................................................................................8

    C.    Plaintiffs' Claim for Injunctive Relief Should Be Dismissed...........................................10

         1.    Plaintiffs' Claim for Injunctive Relief is Moot.......................................................10

         2.    Plaintiffs Lack Standing to Seek Injunctive Relief.................................................11

    D.    Colgate's Requests for Judicial Notice and Incorporation by Reference Should be
         Granted............................................................................................................................13

III. CONCLUSION.......................................................................................................................15

**Cases**

*Brown v. Hain Celestial Grp., Inc.*,
　913 F. Supp. 2d 881 (N.D. Cal. 2012) ............................................................14

*Cirino v. Ocwen Loan Serv. LLC*,
　815 F. App'x 204 (9th Cir. 2020) ............................................................13, 15

*Cisco Sys. Inc. v. Link US, LLC*,
　No. 18-07576, 2019 WL 6682838 (N.D. Cal. Dec. 6, 2019)........................7, 8

*Culver v. Unilever U.S., Inc.*,
　No. 19-9263, 2021 WL 2943937 (C.D. Cal. June 14, 2021) ..........................11

*Curtis v. 7-Eleven, Inc.*,
　No. 21-6079, 2022 WL 4182384 (N.D. Ill. Sept. 13, 2022) .............................4

*Davidson v. Kimberly-Clark Corp.*,
　889 F.3d 956 (9th Cir. 2018) ..........................................................................12

*Dvora v. General Mills, Inc.*,
　No. 11-1074, 2011 WL 1897349 (C.D. Cal. May 16, 2011) ...........................14

*Ebner v. Fresh, Inc.*,
　838 F.3d 958 (9th Cir. 2016) ............................................................................8

*Garcia v. Sony Comp. Entm't Am., LLC*,
　859 F. Supp. 2d 1056 (N.D. Cal. 2012) ............................................................7

*Garner v. Amazon.com, Inc.*,
　603 F. Supp. 3d 985 (W.D. Wash. 2022)........................................................14

*Hanscom v. Reynolds Consumer Prods. LLC*,
　No. 21-03434 (N.D. Cal. Oct. 1, 2021)........................................................9, 12

*Hartranft v. Encore Cap. Grp., Inc.*,
　543 F. Supp. 3d 893 (S.D. Cal. 2021)................................................................3

*Heck v. Amazon.com, Inc.*,
　No. 22-3986, 2022 WL 17419554 (N.D. Cal. Dec. 5, 2022)............................8

*Hernandez v. Radio Sys. Corp.*,
　No. 22-1861, 2023 WL 4291829 (C.D. Cal. May 10, 2023)............................8

*Hill v. Roll Int'l Corp.*,
　195 Cal. App. 4th 1295 (2011) ......................................................................2, 8

*King v. Cnty. of Los Angeles*,
   885 F.3d 548 (9th Cir. 2018) ..................................................................................2, 15

*Knievel v. ESPN*,
   393 F.3d 1068 (9th Cir. 2005) ......................................................................................13

*Lizama v. H&M Hennes & Mauritz LP*,
   No. 22-1170, 2023 WL 3433957 (E.D. Mo. May 12, 2023) ..........................................10

*Makeaff v. Trump Univ.*,
   715 F.3d 254 (9th Cir. 2013) ........................................................................................13

*Miller v. Ghirardelli Chocolate Company*,
   912 F.Supp.2d 861 (N.D. Cal. Dec. 7, 2012)................................................................14

*Moore v. Trader Joe's Co.*,
   4 F.4th 874 (9th Cir. 2021) .............................................................................................1

*Sgro v. Danone Waters of N. Am., Inc.*,
   532 F.3d 940 (9th Cir. 2008) ........................................................................................13

*Sinatro v. Barilla America, Inc.*,
   635 F. Supp. 3d 858 (N.D. Cal. 2022) ..........................................................................12

*Smith v. Keurig Green Mountain, Inc.*,
   393 F. Supp. 3d 837 (N.D. Cal. 2019) ............................................................................9

*Stewart v. Kodiak Cakes, LLC*,
   537 F. Supp. 3d 1003 (S.D. Cal. 2021)................................................................7, 14, 15

*Swartz v. Coca-Cola Co.*,
   No. 21-4643, 2022 WL 17881771 (N.D. Cal. Nov. 18, 2022) ............................3, 4, 9, 12

*Swartz v. Coca-Cola Co.*,
   No. 21-4643, 2023 WL 4828680 (N.D. Cal. July 27, 2023) .............................................4

*Tsan v. Seventh Generation, Inc.*,
   No. 15-0205, 2015 WL 6694104 (N.D. Cal. Nov. 3, 2015) ...........................................14

*Weiss v. Trader Joe's*,
   838 F. App'x 302 (9th Cir. 2021) .................................................................................6, 14

**Statutes**

21 U.S.C. § 321(m) .............................................................................................................6

**Other Authorities**

16 C.F.R. § 260.1(a) ...........................................................................................................2

16 C.F.R. § 260.1(d) ...........................................................................................................2

16 C.F.R. § 260.12(a)............................................................................................................9

16 C.F.R. § 260.12(b)........................................................................................................9, 11

Cal. Pub. Res. Code § 42061(a)(3)(B)..............................................................................1, 5

REPLY IN SUPPORT OF MOTION TO DISMISS FAC
CASE NO. 3:23-cv-04086-JCS

## I. INTRODUCTION

Plaintiffs' opposition to Colgate's motion to dismiss ("Opposition") brings into sharp relief the catch-22 they seek to impose here. Plaintiffs do not dispute that Colgate has developed the first-of-its-kind recyclable toothpaste tube, which is compatible with the well-established recycling stream for HDPE #2 plastic. Nonetheless, Plaintiffs seek to prevent Colgate from communicating the tubes' recyclability on the Products' packaging because, Plaintiffs allege, municipal recycling facilities are unable to distinguish between recyclable and non-recyclable tubes. According to Plaintiffs, "Colgate has jumped the gun, seeking to benefit from its newly developed tube before completing the work to ensure that the Products are actually accepted by recycling facilities." Opp. at 3. Yet communication of the Products' recyclability is an essential element to achieving the widespread "accept[ance] by recycling facilities" that Plaintiffs allege has yet to occur. Indeed, the State recently recognized that "the continued increase in the collection, sorting, and viable responsible end market development" for recyclable products can "be disrupted by a loss of a recyclable designation." Cal. Pub. Res. Code § 42061(a)(3)(B).

Setting aside the impossibility of this catch-22, Plaintiffs cannot state a viable claim for consumer deception or unlawfulness. Colgate accurately represented the recyclability of the Products while providing comprehensive disclosures on its websites regarding the market transition to recyclability and identified those websites on the Product packaging adjacent to the "recyclable tube" claim. Instead of responding to these facts head-on, Plaintiffs' Opposition is filled with straw man fallacies that seek to hyperbolize Colgate's positions and improperly collapse the distinction between Plaintiffs' consumer deception and UCL unlawful claims. Ultimately, Plaintiffs are unable to overcome the fundamental deficiencies in their claims, which require dismissal with prejudice.

## II. ARGUMENT

### A. Plaintiffs Have Not Plausibly Alleged That Colgate's Labeling Contains Any Misrepresentations or Omissions That Would Mislead Reasonable Consumers.

As Colgate explained in its motion, because all of Plaintiffs' claims (save for their claim under the "unlawful" prong of the UCL) are based on allegedly deceptive label statements, they must "demonstrate that a 'reasonable consumer' is likely to be misled by the representation." *Moore v. Trader Joe's Co.*, 4 F.4th 874, 881 (9th Cir. 2021). In their Opposition, Plaintiffs argue that Colgate's "recyclable tube"

representations are "per se deceptive" because they allegedly violate the Green Guides, which are incorporated into California law via the Environmental Marketing Claims Act ("EMCA").  *See* Opp. at 4–5. As discussed below, *infra* pp. 8–10, the representations do not violate the Green Guides.  Even more fundamentally, however, this Court should reject Plaintiffs' attempt to collapse the distinction between their "deceptive" and "unlawful" claims by elevating an alleged violation of the Green Guides to "per se" deception of reasonable consumers under California law.

As the California appellate court recognized in connection with a CLRA claim for allegedly deceptive advertising, despite the incorporation of the Green Guides "into the CLRA definition of environmental marketing claims," "the gravamen of a CLRA action remains that the environmental marketing claim must be 'untruthful, deceptive, or misleading.'"  *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1302–03 (2011) (citing Cal. Bus. & Prof. Code § 17580.5(a)).  Indeed, the Green Guides themselves recognize that in any FTC enforcement action related to allegedly misleading environmental claims, "the Commission must prove that the challenged act or practice is unfair or deceptive in violation of Section 5 of the FTC Act," and "[w]hether a particular claim is deceptive will depend on the net impression of the advertisement, label, or other promotional material at issue."  16 C.F.R. §§ 260.1(a), (d); *see also* FTC Green Guides Statement of Basis and Purpose ("FTC Statement") at 1–2[1] (noting that "the Guides cannot always anticipate which specific claims will, or will not, be deceptive because of incomplete consumer perception evidence and because perception often depends on context").

In other words, even if Colgate's "recyclable tube" representations run afoul of the Green Guides (they do not), this is not enough to support Plaintiffs' "deceptive" claims; instead, Plaintiffs must "prove" that reasonable consumers are deceived by the "net impression" of Colgate's "recyclable tube" claim, a standard they cannot meet because the tubes are compatible with the HDPE #2 recycling stream, and any potential limitations on acceptance during the market transition to recyclable tubes are clearly disclosed on the Colgate and Tom's websites.  *See* 16 C.F.R. §§ 260.1(a), (d).

---

[1] *Available at* https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguidesstatement.pdf.  Plaintiffs cite this Statement in their Opposition, *see* Opp. at 8, and it is subject to judicial notice.  *See, e.g.*, *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018).

**1.    Colgate's "Recyclable Tube" Claim Truthfully Conveys the Intrinsic Recyclability of the Products.**

Plaintiffs do not dispute the Products' compatibility with the HDPE recycling stream. Rather, Plaintiffs argue that California law rejects Colgate's definition of "recyclable" based on intrinsic or theoretical recyclability. Opp. at 8–11.[2] This argument rests primarily on Plaintiffs' interpretation of the Green Guides, which (as explained above) do not control the consumer deception analysis and (as explained below) are satisfied by Plaintiffs' labeling here. Setting that aside, however, Plaintiffs' argument is based on a straw man fallacy. Colgate does not argue, as Plaintiffs contend, that the Court should apply a "strictly theoretical definition of recyclability" with no regard for whether products "can be" recycled through an "established recycling program for reuse." Opp. at 8–9. Rather, Colgate argues that the Products are truthfully labeled as recyclable precisely because they *can be* recycled via the HDPE #2 recycling stream in the same manner as other recyclable bottles and tubes, and Plaintiffs do not allege otherwise. *See* Mot. at 15. Plaintiffs contend only that municipal recycling facilities are "unable to effectively distinguish" the Products "from conventional toothpaste tubes which cannot be recycled." Opp. at 7.[3] In other words, *non*-recyclable toothpaste tubes may impact the Products' acceptance for recycling. Because it is not disputed that the Products are made from recyclable material *and* are compatible with the HDPE #2 recycling stream, the "recyclable tube" claim is truthful and not misleading.

Plaintiffs' argument that the veracity of a "recyclability" claim depends on whether the product is "actually recycle[d]" (Opp. at 8) has been rejected by numerous courts, including Judge Donato in *Swartz v. Coca-Cola Co.*, No. 21-4643, 2022 WL 17881771, at *1 (N.D. Cal. Nov. 18, 2022) (dismissing

---

[2] Colgate has not, as Plaintiffs assert, "tacitly conced[ed] that that the substantial majority of recycling programs in California do not accept the Products." Opp. at 8. Rather, Colgate accepts, as it must, Plaintiffs' well-pleaded allegations for purposes of this motion to dismiss. As Colgate set out in its opening brief, Plaintiffs do not plausibly allege that the recyclable tubes are incompatible with the well-established #2 HDPE recycling stream.

[3] Plaintiffs also argue that "the Products cannot be fully emptied, and the leftover toothpaste contaminates the recyclable waste stream." Opp. at 7. But as Colgate explained in its Motion, this conclusory contention lacks plausibility and thus need not be accepted as true for purposes of this Motion. Mot. at 15–16. Plaintiffs do not respond directly to this argument and thus have waived any opposition. *Hartranft v. Encore Cap. Grp., Inc.*, 543 F. Supp. 3d 893, 913–14 (S.D. Cal. 2021) ("[W]here a non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived.") (citation omitted).

challenge to "100% Recyclable" claim on water bottles and holding that "[i]n everyday usage, 'recyclable' is an adjective that means capable of being recycled;" it "does not mean a promise that an object will actually be recycled"), and Judge Seeger in *Curtis v. 7-Eleven, Inc.*, No. 21-6079, 2022 WL 4182384, at *14 (N.D. Ill. Sept. 13, 2022) (rejecting the plaintiff's allegation that the "recyclable" claim on certain cups and plates was deceptive to reasonable consumers because "the products are *unlikely* to be recycled," holding that "'[r]ecyclable' means 'can be recycled.' It does not mean 'will be recycled'").

Plaintiffs try to distinguish *Swartz* on the basis that "[t]he plaintiffs conceded in that case that the bottles met the definition of recyclable under the Green Guides," and the court's decision turned on "whether the addition of the '100%' caused the defendants' 'Recyclable' claim to become deceptive." Opp. at 9–10. But this distinction does not limit the court's conclusion that a "recyclable" claim would not be interpreted by a reasonable consumer as "a promise that an object will actually be recycled." 2022 WL 17881771, at *1. Plaintiffs argue that *Curtis* is "easily distinguished" because the case was brought "under Illinois law," where "the Green Guides do not have the weight of law and are merely persuasive." Opp. at 10. But as explained above, this is equally true with respect to Plaintiffs' *consumer deception* claims, which are subject to the same "reasonable consumer" standard as the *Curtis* plaintiffs' claims. Plaintiffs also argue conclusorily that *Curtis* was "wrongly decided," Opp. at 11, an unsupported proposition with which Colgate strongly disagrees.[4]

Continuing its pattern of straw man fallacies, Plaintiffs also attempt to characterize Colgate's argument as "suggesting that Colgate should not be held responsible for its deceptive representations for equitable reasons." Opp. at 11. This is false. Colgate's argument is that it cannot be held liable for *non-deceptive* representations, particularly where (as here) the alleged deception stems from "forces and circumstances well beyond defendants' control." *Swartz v. Coca-Cola Co.*, No. 21-4643, 2023 WL 4828680, at *4 (N.D. Cal. July 27, 2023). Nonetheless, it is true that the equities *do* favor Colgate, as there is no dispute that the company has expended and continues to expend significant effort developing

---

[4] Plaintiffs' citation to the FTC Statement for the proposition that a marketer making an unqualified recyclable claim "should substantiate that a substantial majority of consumers or communities have access to facilities that will actually recycle, not accept and ultimately discard, the product," Opp. at 8, does not support their position, as the FTC articulated that position in response to a public comment regarding "Packages Collected for Public Policy Reasons but Not Recycled." FTC Statement at 174. Plaintiffs do not allege such circumstances here.

its first-of-its-kind recyclable toothpaste tube and shared its technology to help hasten the broader tube market transition to recyclable packaging. Thus, it is in the interests of consumers and the recycling industry alike for Colgate to identify the Products as recyclable to accelerate widespread acknowledgement of their compatibility with the existing HDPE plastic recycling stream and encourage consumers to recycle the products rather than add them to landfills. A contrary outcome would undermine Plaintiffs' (and the State's) interest in addressing the "increasingly dire international problem" of "plastic waste," FAC ¶ 2, as "the continued increase in the collection, sorting, and viable responsible end market development" for the Products will "be disrupted by a loss of a recyclable designation," Cal. Pub. Res. Code § 42061(a)(3)(B).

### 2. Colgate's Website Provides Substantial Information to Consumers Regarding Potential Limitations on Recycling Facility Acceptance of Recyclable Tubes During the Market Transition.

As explained in Colgate's motion, the Products' packaging invites consumers to "learn more" about the Products' recyclability at the respective product websites, which contain information regarding the market transition to recyclable tubes and advise consumers to check their local recycling facilities to confirm acceptance during the transition period, providing another basis to dismiss Plaintiffs' consumer deception claims. Mot. at 16–19. Plaintiffs do not seriously dispute that these comprehensive disclosures appeared on Colgate's and Tom's websites, or that references to these disclosures appeared on the Products' packaging, at the time of Plaintiffs' purchases.[5] Rather, Plaintiffs hyperbolically assert that Colgate's argument regarding the impact of its website disclosures is "absurd" because (a) "there is no such thing as incorporation-by-reference of a website into a product label," and (b) the phrase "learn more" is not "qualifying language" because it does not alert consumers that the information on Colgate's website "limits" the recyclability claim on its Product packaging. Opp. at 12–13. Neither assertion holds water.

First, Colgate does not (as Plaintiffs contend) argue that "if a marketer prints its website anywhere on a Product label, the entire website is incorporated by reference into the label." Opp. at 13. Instead, Colgate argues that when, as here, product packaging specially identifies a website as providing additional

---

[5] Plaintiffs' argument that these webpages are "intentionally difficult to find" and "do not match the webpage addresses that [Colgate] prints on its packaging" is without merit. *See infra*, at pp. 13–14.

information regarding a particular product claim, the information available on that website bears on the "full context" of the product packaging, which "should be examined" in a false advertising case. *Weiss v. Trader Joe's*, 838 F. App'x 302, 303 (9th Cir. 2021). Despite Plaintiffs' flippant dismissal of this argument, it is entirely consistent with the Food, Drug, and Cosmetics Act's definition of "labeling" as including "all labels and other written, printed, or graphic matter (1) upon any article or any of its containers or wrappers, or (2) *accompanying such article*." 21 U.S.C. § 321(m) (emphasis added). Indeed, the Food and Drug Administration ("FDA") has recognized in connection with food labels that, "if the label for a product contained a statement that referred the consumer to a specific website for additional information about a claim for the product, the website is likely to be 'labeling'" because it "supplements or explains the product and is designed for use in [the product's] distribution and sale."[6] And the FDA regularly sends warning letters to food and drug manufacturers for alleged violations of "labeling" regulations based on the contents of websites referenced on product packaging.[7] It would be illogical to hold that websites referenced on product packaging in connection with specific product claims constitute "labeling" for purposes of FDA enforcement actions but cannot be considered in determining the "full context" of product packaging in consumer class actions. *Weiss*, 838 F. App'x at 303.

Second, the fact that Colgate uses the language "learn more" to reference its website disclosures does not negate the impact of those disclosures because they are not, as Plaintiffs insinuate, contrary to the package representations; rather, they supplement and contextualize those representations. As Plaintiffs repeatedly admit, the Products are "theoretically recyclable" but for (Plaintiffs allege) the presence of *non*-recyclable toothpaste tubes in the recyclable stream. *E.g.*, Opp. at 1. The disclosures on Colgate's websites confirm that the tubes are recyclable and explain the circumstances surrounding Colgate's

---

[6] *Available at* https://www.fda.gov/regulatory-information/search-fda-guidance-documents/guidance-industry-and-fda-dear-manufacturer-letter-regarding-food-labeling.

[7] *See, e.g.*, Letter from Lisa Harlan, Program Division Director, FDA, to Jose Galdo, Denison Pharmaceuticals, LLC (July 26, 2023), *available at* https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/denison-pharmaceuticals-llc-654226-07262023 (warning producer of homeopathic products regarding statements on product labels and statements on "websites referenced on the products' labels"); *see also, e.g.*, Letter from Francis Godwin, Director, Office of Manufacturing Quality, FDA, to Kum Yun-Hyun, Cosmo Bio Co., Ltd. (Jan. 6, 2022), *available at* https://www.fda.gov/inspections-compliance-enforcement-and-criminal-investigations/warning-letters/cosmo-bio-co-ltd-611552-01062022 (warning OTC drug manufacturer regarding claims on product label, including claims on product website).

development of the first-of-its-kind recyclable tube, which development initiated a market transition during which consumers should check to confirm acceptance by their local municipal recycling facilities.

Plaintiffs' attempts to distinguish Colgate's cited authorities fall flat. Plaintiffs' convoluted discussion of *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1003 (S.D. Cal. 2021), focuses on the court's decision regarding the defendant's request for judicial notice as opposed to incorporation by reference, and does nothing to undermine Colgate's point that courts consider information on websites referenced on product packaging in reviewing the allegations of a complaint. Likewise, contrary to Plaintiffs' arguments, *Garcia v. Sony Comp. Entm't Am., LLC*, 859 F. Supp. 2d 1056 (N.D. Cal. 2012), is directly on point. In *Garcia*, the plaintiff challenged the defendant's PlayStation packaging as misleading because it included the statement "This model of the PlayStation®3 system is designed to play PlayStation® 3 format software . . . ." even though, as the plaintiff alleged, "PS3-branded games" are not compatible with "all PS3 consoles." *Id.* at 1060. Despite this package statement, the court held that the plaintiff had not stated a UCL claim because the challenged statement included an asterisk directing the consumer to review product documentation *separate* from the product packaging ("see the product documentation for details"). *Id.* at 1065. The court explained that it was required to consider the referenced product documentation as a "portion[] of the alleged representation" regarding the system's compatibility with PS-3 games and that the plaintiff could not "make out a plausible claim for an affirmative misrepresentation where it [was] self-evident that he ha[d] selectively omitted portions of the alleged representation attributed to defendants." *Id.* at 1065. The same rationale applies here.

The fact that the court in *Garcia* "did not hold one way or another whether th[e] disclaimer" in the product documentation cured the alleged misrepresentation on the product packaging (Opp. at 14 n.11) does not undermine the court's holding that it was required to *consider documentation referenced on product packaging* to determine the existence of a plausible misrepresentation claim. 859 F. Supp. 2d at 1065. And Plaintiffs' attempt to distinguish the *Garcia* packaging claim as "clearly incomplete" (versus the allegedly "absolute" recyclability claim here) is based on a misrepresentation of the packaging at issue in *Garcia* that disregards the affirmative statement noted above. *Id*. at 1060.

In contrast to Colgate's authorities, Plaintiffs' cited authorities are readily distinguishable. *Cisco Sys. Inc. v. Link US, LLC,* No. 18-07576, 2019 WL 6682838 (N.D. Cal. Dec. 6, 2019), rejected the

7

sufficiency of "a disclaimer 'buried deep' in Cisco's website" to alleviate potential confusion about the source of the goods at issue. *Id*. at *9. Unlike here, the website was not referenced on the product packaging, let alone in close proximity to the challenged claim. In *Hernandez v. Radio Sys. Corp*., No. 22-1861, 2023 WL 4291829 (C.D. Cal. May 10, 2023), the court held that disclosures on the product packaging related to "possible 'skin irritation,'" which directed consumers to a website providing further information *regarding such irritation*, were insufficient to "apprise a reasonable consumer of the potential scope of the harms alleged in the [Complaint], including . . . 'severe physical [and psychological] harm.'" *Id*. at *9. Here, to the contrary, the packaging advises consumers to "learn more" about the recyclable tubes *on Colgate's and Tom's websites*, which provide comprehensive information about the potential limitations on local acceptance during the market transition phase: in other words, the precise issue that forms the basis of Plaintiffs' consumer deception claims. Thus, viewed as a whole, the Product packaging, including the website disclosures incorporated therein, cannot sustain Plaintiffs' misrepresentation claims.

Plaintiffs' fraudulent concealment and UCL "unfair" claims do not save Plaintiffs' consumer deception claims (Opp. at 15–17), as both are premised on the same alleged conduct that underlies Plaintiffs' affirmative misrepresentation claims and thus must be dismissed for the same reasons. *See id*. at 15 (stating that Plaintiffs' fraudulent concealment claim is based solely on omissions allegedly "contrary to [the "Recyclable Tube"] representations [Colgate] actually made"); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (affirming dismissal of claim that label was misleading based on alleged "omission of supplemental disclosures" because there was "no deceptive act to be dispelled" as plaintiff had not stated plausible claim that label was "false, deceptive, or misleading"); *Heck v. Amazon.com, Inc.*, No. 22-3986, 2022 WL 17419554, at *4 (N.D. Cal. Dec. 5, 2022) ("Courts in this district have held that where the alleged unfair business practices overlap entirely with the practices alleged under the fraudulent prong of the UCL . . . the unfair prong of the UCL cannot survive if the UCL fraud claims do not survive.").

**B.      Colgate's "Recyclable Tube" Claim is Not Unlawful Because It Satisfies the Green Guides.**

Plaintiffs' UCL unlawful claim fails because Colgate's recyclability claim satisfies the Green Guides, which are incorporated into California's EMCA and provide a safe harbor against Plaintiffs' UCL unlawful claim. *Hill*, 195 Cal. App. 4th at 1301–03. Significantly, Plaintiffs do not allege in their

8

Complaint or assert in their Opposition that the Products are *incompatible* with the HDPE #2 recycling stream, for which recycling facilities are widely available. Rather, Plaintiffs claim that recycling facilities allegedly reject the Products because they cannot distinguish *recyclable* from *non*-recyclable toothpaste tubes. FAC ¶ 4. But this allegation does not undermine the conclusion that *recyclable* tubes such as the Products *can* be recycled through "an established recycling program" available to more than 60% of consumers, thereby satisfying the Green Guides. 16 C.F.R. § 260.12(a).

Plaintiffs' attempt to analogize this case to *Smith v. Keurig Green Mountain, Inc.*, 393 F. Supp. 3d 837 (N.D. Cal. 2019), must be rejected for this reason. In *Smith*, the plaintiffs plausibly challenged Keurig's recyclable representations on single-serve coffee pods as violating the Green Guides where the "size and design" of the pods rendered them incompatible with established plastic recycling streams. *Id.* at 842. Importantly, the *Smith* plaintiffs alleged that municipal recycling facilities were "not equipped to capture materials as small as the Pods" such that they could *never* be recycled. *Id.* Although Plaintiffs argue that the Products are similarly "not recyclable" "because of th[eir] unique shape and attributes" (Opp. at 9), unlike Keurig's coffee pods there is nothing *intrinsic* about the Products (such as their size) that limits their recyclability. Rather, it is the alleged presence of "unrecyclable toothpaste tubes" that allegedly inhibits their acceptance by municipal recycling facilities. Opp. at 9. As explained by Judge Donato in *Swartz*, "whether a product is properly labeled 'recyclable' under the Green Guides depends on whether it is comprised of materials that *can be* recycled by existing recycling programs—[but] not . . . on whether the product is converted into reusable material." 2022 WL 17881771, at *2 (emphasis added).[8]

Moreover, even setting aside the prevalence of HDPE #2 recycling facilities, the comprehensive disclosures on Colgate's and Tom's websites satisfy any obligation Colgate may have under the Green Guides to qualify its recyclable claim. Plaintiffs do not dispute that the Green Guides contain no hard and fast requirements regarding specific qualifying language or locations for such qualifications, but rather instruct manufacturers to "avoid deception about the availability of recycling programs and collection sites to consumers." 16 C.F.R. § 260.12(b); *see also* FTC Statement at 171 ("The Commission declines

---

[8] *Hanscom v. Reynolds Consumer Prods. LLC*, No. 21-03434 (N.D. Cal. Oct. 1, 2021) is entirely irrelevant. In that case, the parties disputed whether the term "recycling bags" constituted a recyclable *claim* pursuant to the Green Guides and California law, not whether the bags were themselves recyclable.

to set numerical thresholds for when availability levels dictate the need for specific qualifications. As commenters noted, the need for qualification depends on context and, therefore, cannot be addressed through general guidance."). The unique circumstances surrounding Colgate's first-of-its-kind recyclable tubes, the conspicuous reference on the Product packaging to the company's websites for "further information," and the comprehensive nature of the disclosures provided, combine to "avoid" potential consumer deception and satisfy the FTC's guidance regarding any requisite qualification.

Plaintiffs argue that *Lizama v. H&M Hennes & Mauritz LP*, No. 22-1170, 2023 WL 3433957 (E.D. Mo. May 12, 2023), is inapposite because the plaintiff "alleged that they visited the defendant's website to learn about the 'conscious choice' line of products," and they challenged "purported misrepresentations on the website" in addition to product labeling. Opp. at 14. This is beside the point. In *Lizama*, the court found that the defendant had "clearly qualified" its "conscious choice collection" advertising and labeling by explaining that phrase in the sustainability section of its website, even though the plaintiff's claim was based in part on representations appearing on "conscious choice clothing hangtag[s]." 2023 WL 3433957, at *4, 8. Colgate has similarly qualified its recyclable claim on its websites, which are incorporated into the Products' packaging immediately adjacent to the recyclable claim.

### C. Plaintiffs' Claim for Injunctive Relief Should Be Dismissed.

Plaintiffs' claim for injunctive relief must separately be dismissed because (1) Colgate's updated packaging includes a "check locally" disclosure that moots any potential future claim; and (2) Plaintiffs are on notice that their local recycling program may not accept the Products for recycling, and thus lack standing to seek injunctive relief. Plaintiffs' Opposition does not plausibly challenge these conclusions.

### 1. Plaintiffs' Claim for Injunctive Relief is Moot.

Plaintiffs do not and cannot dispute that the current labels for the Products with recyclable claims include a disclosure advising consumers that their "community may not yet accept tubes for recycling," so they should "check locally" to confirm. Spelman Decl., Exs. 7, 12. Instead, Plaintiffs argue that (1) this disclosure is "inadequate" under the Green Guides; (2) "whether the disclaimer adequately cures a misrepresentation is a factual question unsuitable for determination on a motion to dismiss"; and (3) the "voluntary cessation" doctrine prevents a finding of mootness. Opp. at 17–20. These arguments fail.

First, the disclosure satisfies any potential "qualification" required by the Green Guides because it "avoid[s] deception about the availability of recycling programs and collection sites to consumers." 16 C.F.R. § 260.12(b). Recognizing that "the need for qualification depends on context," the FTC has "decline[d] to set numerical thresholds for when availability levels dictate the need for specific qualifications." FTC Statement at 171. Here, the disclosure that communities "may not yet accept tubes for recycling" provides Plaintiffs all the information they allege is missing from the original label. Further, the sufficiency of the updated label to cure the deception alleged is not a "factual question unsuitable for determination on a motion to dismiss" because the updated label "eliminate[s] all of the alleged misrepresentations that are the target of Plaintiff's FAC." *Culver v. Unilever U.S., Inc.*, No. 19-9263, 2021 WL 2943937, at *5–6 (C.D. Cal. June 14, 2021) (dismissing injunctive relief claim as moot).

Lastly, "it is Plaintiff's burden to establish his Article III standing with respect to each claim," and "standing for injunctive relief requires a showing of 'real or immediate threat that the plaintiff will be wronged again.'" *Id*. at *6 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)) (finding that plaintiff lacked standing due to the defendant's updated labels where "Plaintiff has offered nothing to demonstrate future harm").[9] Here, the labels have already been updated, and Plaintiffs do not allege any basis to conclude that Colgate will remove the disclosure, nor any other facts "to demonstrate future harm." *Id*. Plaintiffs attempt to shift this burden to Colgate, but the "voluntary cessation" doctrine Plaintiffs invoke (Opp. at 19–20) only comes into play once Plaintiffs have established standing, which they fail to do here.[10] For these reasons, Plaintiffs' injunctive relief claim should be dismissed as moot.

## 2. Plaintiffs Lack Standing to Seek Injunctive Relief.

Plaintiffs also lack standing to seek injunctive relief because they are on notice that the Products may not be accepted by their local municipal recycling facilities, and they have access to updated

---

[9] In *Culver*, the court also considered a declaration from Unilever stating that "(1) Unilever has produced new labels that remove all the alleged misleading representations; (2) Unilever is already printing the new labels; and (3) Unilever has no plans to utilize the old ones." *Id*. at *5. Colgate can provide a declaration regarding its updated Product packaging to the extent the Court believes it is necessary here.

[10] Despite Plaintiffs' attempt to suggest that the updated packaging for the Products containing recyclable claims may have been developed "in response to this litigation or Plaintiffs' CLRA letter," the fact that the labels are already on the market and the label proofs are from 2022 (*see* dates reflected in Spelman Decl. Exs. 7, 12, 13) establish that this suggestion has no basis.

acceptance information via objective, third-party sources. FAC ¶¶ 57–59 (alleging that Plaintiffs were able to determine that their municipal recycling programs do "not accept toothpaste tubes for recycling").

For this reason, the Ninth Circuit's decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), does not control here. While recognizing it was a "close question," the *Davidson* court held that the plaintiff could seek injunctive relief regarding defendant's representation that its wipes were "flushable" where the plaintiff "alleged that she . . . is continually presented with Kimberly–Clark's flushable wipes packaging but has 'no way of determining whether the representation 'flushable' is in fact true.'" *Id.* at 970–71. Here, on the other hand, Plaintiffs have access to objective information allowing them to "determin[e]" whether the Products are accepted for recycling in their locality. Indeed, given the decentralized nature of recycling in this country (which is exemplified by the Green Guides' recognition that an unqualified recyclable claim is permissible where recycling facilities are available to 60% of consumers), a "recyclable" claim on any product label necessarily requires reference to external sources to confirm a specific consumer's ability to recycle that product in their locality. Because Plaintiffs are now acutely aware of this fact, there is no threat of future injury.[11]

While *Davidson* is distinguishable, *Sinatro v. Barilla Am., Inc.*, 635 F. Supp. 3d 858 (N.D. Cal. 2022), is instructive. There, the court dismissed plaintiffs' request for injunctive relief in connection with their claim that the labeling of defendant's pasta as "ITALY'S #1 BRAND OF PASTA" was misleading because the pasta was not manufactured in Italy, explaining that the plaintiffs could not "reasonably claim that they [would] be deceived by the challenged representations now that they know where the products are manufactured." *Id.* at 865, 873–75. Plaintiffs argue that *Sinatro* is distinguishable because "the Barilla pasta had a disclosure that it was [] 'Made in the USA' on the box," such that the plaintiffs could "check the product, at the point of sale, to determine whether it was still 'Made in the USA.'" Opp. at 22. The problem with this argument is that the *Sinatro* court did not rely on the "Made in the USA" disclosure *at all* in dismissing the injunctive relief claim. *See* 635 F. Supp. 3d at 873–75.

Because Plaintiffs have access to publicly available information regarding whether the Products are accepted by recycling facilities in their communities, *see* FAC ¶¶ 57–59, they cannot establish a "real

---

[11] Colgate respectfully submits that the decisions in *Swartz*, *Hanscom*, and *Glad* (Opp. at 21) did not appropriately account for this factual distinction between flushable wipes and recyclable products.

and immediate threat of repeated injury" sufficient to establish standing for injunctive relief.

### D. Colgate's Requests for Judicial Notice and Incorporation by Reference Should be Granted.

Plaintiffs argue that Colgate's requests for judicial notice and incorporation by reference are part of a "concerning pattern" in motions to dismiss. Opp. at 23 (citing *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 998 (9th Cir. 2018) (identifying a "concerning pattern *in securities cases*") (emphasis added)). Yet "[p]roperly used, this practice has support," and "judicial notice and incorporation-by-reference do have roles to play at the pleading stage." *Id*. Colgate's requests are proper here.

Exhibit 1: Despite Plaintiffs' attempt to downplay their reliance on Exhibit 1, Plaintiffs cite this article more than half a dozen times in their Complaint, and it provides the basis for several of Plaintiffs' core factual allegations. *See* FAC at 3 n.2–3; *id*. at 9 n.8–10; *id*. at 11 n.11–12. It is thus properly incorporated by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1077 (9th Cir. 2005) (courts may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading") (cleaned up).

Moreover, contrary to Plaintiffs' contention that the Court "should not interpret the document[] to contradict well pled factual allegations in the complaint," Opp. at 23, it is well settled that "[i]n reviewing a Rule 12(b)(6) motion ... [t]he court need not accept as true ... allegations that contradict facts that may be judicially noticed by the court." *Cirino v. Ocwen Loan Serv. LLC*, 815 F. App'x 204, 205 (9th Cir. 2020) (citation omitted). Plaintiffs' reliance on *Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940 (9th Cir. 2008), is misplaced, as the *Sgro* court declined to find disability plan documents incorporated by reference into the complaint because the parties disputed whether the documents accurately reflected the terms of the plan as it was actually implemented. *Id*. at 942 n.1. Here, Plaintiffs do not dispute the accuracy of the article nor Colgate's characterization of its contents.

Exhibits 2–3, 5–6, 10–11: These Exhibits reflect Colgate's and Tom's webpages regarding the Products, which are incorporated by reference into the Complaint and judicially noticeable. Plaintiffs do not dispute that they are publicly available or argue that the fact of their existence is subject to reasonable dispute. Plaintiffs also do not challenge that the Court may take judicial notice of these webpages "to indicate what was in the public realm." *Makeaff v. Trump Univ*., 715 F.3d 254, 259 n.2 (9th Cir. 2013).

Rather, Plaintiffs contend that the webpages are not incorporated by reference into the Complaint because "the specific pages that Colgate seeks to introduce are not referenced in the FAC at all" or "printed on the Products." Opp. at 24. This is patently false. Exhibit 2 reflects the webpage to which www.colgate.com/goodness—the "specific page[]" referenced on the Colgate Products and in Paragraph 21 of Plaintiffs' Complaint—currently redirects, while Exhibits 5–6 reflect the webpages to which www.colgate.com/goodness automatically redirected at the time of Plaintiffs' purchases. Exhibits 3 and 10–11 reflect the Tom's FAQs discussed in Paragraph 27 of Plaintiffs' Complaint, which appear on the tomsofmaine.com website referenced on the Tom's Product packaging. *See* FAC ¶¶ 24, 27. These Exhibits are thus properly considered in connection with Colgate's motion to dismiss. *See Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 993 (W.D. Wash. 2022) (holding that pages on Amazon's website referenced a "few" times in the complaint should be incorporated by reference since "they play an important function in the [Complaint], offered to bolster plaintiffs' allegations that Amazon failed to adequately disclose how Alexa works and to show what Amazon does with a user's communications").

Exhibit 4, 7, 8, 9, 12, 13: These Exhibits reflect the Product packaging at the time of Plaintiffs' purchases and today. Plaintiffs argue that these exhibits "do not accurately display how the products would appear to consumers in stores" in that they are flattened "proofs" rather than images of the constructed packaging. Opp. at 24. However, courts in the Ninth Circuit regularly take judicial notice of label proofs in false advertising cases. *See, e.g.*, *Miller v. Ghirardelli Chocolate Company*, 912 F.Supp.2d 861, 865 n.2 (N.D. Cal. Dec. 7, 2012); *Dvora v. General Mills, Inc.*, No. 11-1074, 2011 WL 1897349, at *2 (C.D. Cal. May 16, 2011). And consumers are required to view product labeling "in its full context," which includes all sides of the product package. *Weiss*, 838 F. App'x at 303.

Plaintiffs' reliance on *Brown v. Hain Celestial Grp., Inc.*, 913 F. Supp. 2d 881 (N.D. Cal. 2012), *Tsan v. Seventh Generation, Inc.*, No. 15-0205, 2015 WL 6694104 (N.D. Cal. Nov. 3, 2015), and *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103 (S.D. Cal. 2021), is unavailing. In all three cases, the courts declined to take judicial notice of label proofs or find them incorporated by reference primarily because the plaintiffs plausibly challenged the labels' authenticity, and/or there was uncertainty whether the proofs reflected the labels in the market during the relevant time period(s). *See Brown*, 913 F. Supp. 2d at 893 (holding that "Plaintiffs made an authenticity objection and that generally is dispositive"); *Tsan*, 2015 WL

14

6694104, at *3 (declining to take judicial notice of label proofs where "Plaintiffs strongly dispute the authenticity of the labels," which appeared to be drafts); *Stewart*, 537 F. Supp. 3d at 1120 (declining to consider proofs where "there are instances where the proofs do not match the final advertised packaging supplied by Defendant," but taking judicial notice of product packaging on defendant's website because "[j]udicial notice is proper over websites and images of packaging in consumer protection advertising actions" and "Plaintiffs do not genuinely dispute the accuracy or authenticity of [those] labels").

Here, to the contrary, Plaintiffs do not raise any authenticity objections, nor do they dispute that these exhibits reflect the Products as they existed in the market at the time of Plaintiffs' purchases and today. Plaintiffs' vague objection to the way the label proofs display the four sides of the Product packaging holds no weight, as Plaintiffs do not (and cannot) identify any alleged impact on Colgate's arguments or the Court's analysis here. Indeed, Plaintiffs' Complaint represents the back of the Products' packaging in the same one-dimensional manner. *See* FAC ¶¶ 20, 24. Plaintiffs' further arguments as to why the current Product packaging is allegedly "irrelevant" are simply reiterations of Plaintiffs' arguments on the merits and do not preclude this Court's consideration of Exhibits 7, 12, or 13.

Exhibits 14, 16: These websites reflect the EPA's guidance on recycling, including guidance incorporated by reference into the EPA's website. *See* RJN at 5. These exhibits are thus properly subject to judicial notice, including for the purpose of exposing Plaintiffs' implausible factual allegations. *See, e.g.*, *King v. Cnty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018); *Cirino*, 815 F. App'x at 205.

Exhibit 15: Plaintiffs do not dispute that Exhibit 15 is a printout from a government website and is therefore properly subject to judicial notice regarding its existence and contents. *See, e.g.*, *King*, 885 F.3d at 555. Rather, Plaintiffs argue that the website is irrelevant because it relates to "beverage containers." Opp. at 25. This is a merits argument regarding the import of the webpage and not an argument about whether it is subject to judicial notice. Moreover, Plaintiffs offer no plausible basis why CalRecycle's position on plastic bottle residue would be inapplicable to the plastic tubes at issue here.

## III. **CONCLUSION**

For the reasons set forth in its Motion and herein, Colgate respectfully requests that the Court dismiss Plaintiffs' lawsuit with prejudice.

DATED:  January 17, 2024                    JENNER & BLOCK LLP


                                   By:    _/s/ Kate T. Spelman_
                                          Kate T. Spelman

                                          Attorneys for Defendant
                                          Colgate-Palmolive Company