**JENNER & BLOCK LLP**
Kate T. Spelman (SBN 269109)
KSpelman@jenner.com
Kristen Green (SBN 328618)
KGreen@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA  90071-2246
Telephone:    +1 213 239 5100
Facsimile:    +1 213 239 5199

**JENNER & BLOCK LLP**
Dean N. Panos (*pro hac vice*)
dpanos@jenner.com
353 North Clark Street
Chicago, IL  6065
Phone:        +1 312 222 9350
Facsimile:    +1 312 527 0484

*Attorneys for Defendant
Colgate-Palmolive Company*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON, KRISTIN DELLA, and JILL LIENHARD, on behalf of themselves and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br><br>Defendant. | Case No. 3:23-cv-04086-JCS<br><br>The Honorable Joseph C. Spero<br><br>**DEFENDANT COLGATE-PALMOLIVE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT** |

Defendant Colgate-Palmolive Company ("Defendant" or "Colgate"), by and through its attorneys, hereby answers Plaintiffs' First Amended Class Action Complaint (the "FAC") and states its defenses thereto as follows:

## INTRODUCTION

1.      This First Amended Complaint seeks to remedy Defendant's unlawful, unfair, and deceptive business practices with respect to the advertising, marketing, and sale of Colgate and Tom's of Maine toothpaste labeled with the claims "Recyclable Tube," "First of Its Kind Recyclable Tube," and/or the universal recycling symbol (the "Product(s)").

Answer:  Colgate admits that Plaintiffs purport to bring this action to "remedy Defendant's unlawful, unfair, and deceptive business practices with respect to the advertising, marketing, and sale of Colgate and Tom's of Maine toothpaste labeled with the claims 'Recyclable Tube,' 'First of Its Kind Recyclable Tube,' and/or the universal recycling symbol (the 'Product(s)')."  Colgate denies the remaining allegations of Paragraph 1 of the FAC.

2.      Plastic waste is an increasingly dire international problem.[1] As consumers have become more aware of the problems associated with pollution, they actively seek to purchase products that are recyclable to divert such waste from waterways, oceans, their communities, landfills, and incinerators. Seeking to take advantage of consumers' demands for products with recyclable packaging, Defendant advertises, markets and sells the Products as having a "Recyclable Tube," "First of Its Kind Recyclable Tube," and/or with the universal recycling symbol.

Answer:  Colgate responds that the allegation "[p]lastic waste is an increasingly dire international problem" refers to the article referenced in Footnote 1 of the FAC, which speaks for itself.  To the extent a response is required, Colgate denies that allegation.  Answering further, Colgate responds that it lacks sufficient knowledge to admit or deny whether "[a]s consumers have become more aware of the problems associated with pollution, they actively seek to purchase

---

[1] Nick Young, *How does plastic end up the ocean?*, Greenpeace (August 23, 2017), https://www.greenpeace.org/new-zealand/story/how-does-plastic-end-up-in-the-ocean/.

products that are recyclable to divert such waste from waterways, oceans, their communities, landfills, and incinerators," and on that basis denies that allegation. Answering further, Colgate admits that certain of the Products are labeled as "having a 'Recyclable Tube,' 'First of Its Kind Recyclable Tube,' and/or with the universal recycling symbol but denies that it does so in order to "take advantage of consumers' demands for products with recyclable packaging."

3.      The Federal Trade Commission's Guides for the Use of Environmental Claims (the "Green Guides") "provide the Commission's views on how reasonable consumers likely interpret certain claims," including "Recyclable" claims. 16 C.F.R. §§ 260.1, 260.12. The Green Guides reject a definition of "Recyclable" based on theoretical recyclability. Rather, they provide that unqualified "Recyclable" claims are deceptive to reasonable consumers unless recycling programs for the purportedly recyclable products are available to a substantial majority of consumers or communities where the products are sold. The Green Guides define substantial majority to mean "at least 60%." 16 C.F.R. § 260.12(b)(1).

Answer:  Paragraph 3 of the FAC consists of legal conclusions to which no response is required. Answering further, Colgate responds that the text of the Green Guides speaks for itself. To the extent a response is required, Colgate denies the allegations of Paragraph 3 of the FAC.

4.      Defendant's recycling claims are false, deceptive, misleading and/or unlawful because, although it markets the Products as having a "Recyclable Tube," "First of Its Kind Recyclable Tube," and/or with the universal recycling symbol, facilities that recycle the Products are only available to, at best, a miniscule number of consumers or communities in California and the United States. Indeed, virtually all of the municipal recycling programs and materials recovery facilities ("MRFs") in California and the United States reject the Products because (1) they are unable to effectively distinguish between Defendant's purportedly recyclable tubes and conventional toothpaste tubes which cannot be recycled, and (2) the Products cannot be fully emptied, and the leftover toothpaste contaminates the recyclable waste stream, which makes the Products unrecyclable and jeopardizes the recyclability of truly recyclable materials.

<u>Answer:</u>  Paragraph 4 of the FAC consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations of Paragraph 4 of the FAC.

5.      In a recent Bloomberg article questioning the accuracy of Defendant's claims, Waste Management, Inc., one of the largest recycling and disposal companies in the Nation, commented that the "tubes are not in its list of acceptable items."[2] Similarly, Peter Keller, an executive at Republic Services, another major solid waste management company explained that "[a]nother concern is leftover toothpaste causing contamination."[3] Cumulatively, these two companies alone provide recycling services to more than 40% of consumers in California and approximately 25% of the United States.[4]

<u>Answer:</u>  Colgate responds that Paragraph 5 quotes from the article referenced in Footnote 2 of the FAC, which speaks for itself.  To the extent a response is required, Colgate denies the allegations in Paragraph 5 of the FAC.

6.      Defendant knows that the Products almost invariably end up in landfills or incinerated because recycling facilities do not accept them. Indeed, Defendant released a video explaining that its "continu[ing] the work beyond technical recyclability of the tube, ***towards acceptance of tubes in recycling systems*** globally."[5] In other words, Defendant acknowledges that the Products are not accepted by recycling centers. Defendant's representations that the Products are recyclable are thereby material, false, misleading and likely to deceive members of the public.

---

[2] Daniela Sirtori-Cortina, *Colgate's 9 Billion Toothpaste Tubes Defy Effort to Recycle Them*, Bloomberg (Dec. 9, 2022), https://www.bloomberg.com/news/articles/2022-12-09/colgate-cl-made-toothpaste-tubes-recyclable-but-do-they-get-recycled#xj4y7vzkg.

[3] *Id.*

[4] *See California Service Areas*, Waste Management, https://www.wm.com/us/en/location/ca (last vistited July 26, 2023); *Welcome to Republic Services of California*, Republic Services, https://www.republicservices.com/locations/california;   https://www.wm.com/us/en/location/ca (last visited July 26, 2023); Sirtori-Cortina, *supra* note 1.

[5] CGFTheForum, *The Recyclable Plastic Transforming Toothpaste Tubes*, Youtube (Jun. 18, 2021), https://www.youtube.com/watch?v=7pCX—uxiMo, at 3:23–3:33.

1  Answer:  Colgate responds that Paragraph 6 quotes from a video referenced in Footnote 5

2  of the FAC, which speaks for itself.  Answering further, the allegation that "representations that

3  the Products are recyclable are thereby material, false, misleading and likely to deceive members

4  of the public" is a legal conclusion to which no response is required.  To the extent a response is

5  required, Colgate denies the allegations in Paragraph 6 of the FAC.

6  7.  In addition to damages, restitution, and statutory penalties, Plaintiffs seek, on behalf

7  of themselves and the general public, an injunction precluding the sale of the Products within a

8  reasonable time after entry of judgment, unless the Products' packaging and marketing are

9  modified to remove any language suggesting that the tubes are recyclable or, in the alternative, the

10  language is qualified to accurately state the availability of recycling programs.

11  Answer:  Colgate admits that Plaintiffs purport to seek an injunction as described in

12  paragraph 7 of the FAC, but denies that any injunction should issue.

13  **PARTIES**

14  8.  Plaintiff Mikhail Gershzon is a citizen of California, and was at all relevant times,

15  a resident of San Francisco. He makes his permanent home in California and intends to remain in

16  California.

17  Answer:  Colgate lacks sufficient information to admit or deny the allegations in Paragraph

18  8 of the FAC and on that basis denies those allegations.

19  9.  Plaintiff Kristin Della is a citizen of California, and was at all relevant times, a

20  resident of Ridgecrest. She makes her permanent home in California and intends to remain in

21  California.

22  Answer:  Colgate lacks sufficient information to admit or deny the allegations in Paragraph

23  9 of the FAC and on that basis denies those allegations.

24  10.  Plaintiff Jill Lienhard is a citizen of California, and was at all relevant times, a

25  resident of Arroyo Grande. She makes her permanent home in California and intends to remain in

26  California.

27

28

1    Answer:  Colgate lacks sufficient information to admit or deny the allegations in Paragraph

2    10 of the FAC and on that basis denies those allegations.

3        11.    Defendant Colgate-Palmolive Company is a publicly traded corporation organized

4    and existing under the laws of the State of Delaware, having its principal place of business at 300

5    Park Avenue, New York, NY 10022.

6    Answer:  Admitted.

7    **JURISDICTION AND VENUE**

8        12.    This Court has subject matter jurisdiction over this action pursuant 28 U.S.C. §

9    1332(d)(2). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and

10   costs; and Plaintiffs and Defendant are citizens of different states.

11   Answer:  Paragraph 12 of the FAC consists of a legal conclusion to which no response is

12   required.  To the extent a response is required, Colgate admits that this Court has subject matter

13   jurisdiction over this action pursuant to the Class Action Fairness Act.

14       13.    The injuries, damages and/or harm upon which this action is based occurred or

15   arose out of activities engaged in by Defendant within, affecting, and emanating from, the State of

16   California. Defendant regularly conducts and/or solicits business in, engages in other persistent

17   courses of conduct in, and/or derives substantial revenue from products provided to persons in the

18   State of California. Defendant has engaged, and continues to engage, in substantial and continuous

19   business practices in the State of California.

20   Answer:  Paragraph 13 of the FAC consists of legal conclusions to which no response is

21   required.  To the extent a response is required, Colgate denies the allegations in Paragraph 13 of

22   the FAC.

23       14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

24   substantial part of the events or omissions giving rise to the claims occurred in the State of

25   California, including within this District.

26

27

28

DEFENDANT COLGATE-PALMOLIVE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT
Case No. 3:23-cv-04086-JCS

Answer:  Paragraph 14 of the FAC consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate admits that venue is proper in this District, but denies the remaining allegations in Paragraph 14 of the FAC.

15.    Defendant is a registered foreign corporation with the California Secretary of State and has irrevocably consented to service of process directed to it in California pursuant California Corporations Code section 2105(a)(5)(B).

Answer:  Paragraph 15 of the FAC consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 15 of the FAC.

16.    In accordance with California Civil Code section 1780(d), Plaintiffs concurrently file herewith a declaration establishing that Plaintiff Gershzon purchased the Products in San Francisco County. (*See* Exhibit A.)

Answer:  Colgate admits that Exhibit A purports to be a declaration from Plaintiff Gershzon purporting that he purchased the Products in San Francisco County.  Colgate denies that this declaration "establish[es]" the statements made therein and, on that basis, denies the remaining allegations in Paragraph 16 of the FAC.

17.    Plaintiffs accordingly allege that jurisdiction and venue are proper in this Court.

Answer:  Paragraph 17 of the FAC consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate admits that this Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act and that venue is proper in this District.

## SUBSTANTIVE ALLEGATIONS

### 1)    Defendant Advertises that the Products Are "Recyclable"

18.    Defendant manufactures, markets, and sells Colgate and Tom's of Maine brand toothpastes in all 50-states and the District of Columbia, including California. The Products come in numerous varieties and are made of high-density polyethylene or No. 2 plastic ("HDPE").

1      Answer:  Colgate admits that it "manufactures, markets, and sells Colgate and Tom's of

2  Maine brand toothpastes in all 50-states and the District of Columbia, including California."

3  Answering further, Colgate admits that its recyclable toothpaste tubes are primarily made of high-

4  density polyethylene (HDPE), #2 plastic.

5      19.    Defendant uniformly represents that the Colgate-brand Products have a

6  "Recyclable Tube" in a conspicuous blue font on a white background. An example of a typical

7  front label for the Colgate Products is as follows:

8

9

10

11  

12

13

14

15      Answer:  Denied.

16      20.    Defendant provides no disclaimer on the packaging that in any way limits their

17  claims of recyclability. The back of the package is as follows:

18

19

20  

21

22

23

24      Answer:  Denied.

25      21.    At most, newer versions of the Products invite consumers to visit a website by

26  stating: "Learn more about our recyclable tube at: colgate.com/goodness." But nothing about this

27  disclosure limits the unqualified recyclability claim.

28

1    <u>Answer:</u>  Denied.

2        22.    Defendant makes substantially identical representations on Colgate Cavity

3    Protection Toothpaste, Colgate Baking Soda & Peroxide Whitening Toothpaste, Colgate

4    MaxFresh Toothpaste, Colgate MaxClean Toothpaste, Colgate Total Toothpaste, Colgate Optic

5    White Toothpaste, and Colgate Sensitive Toothpaste.

6        <u>Answer:</u>  Denied.

7        23.    Defendant also includes the chasing arrows symbol above its "Recyclable Tube"

8    claim. The chasing arrows symbol is also known as the universal recycling symbol. It is used to

9    denote when a product is recyclable.

10       <u>Answer:</u>  Colgate admits that some of the Products contain the "chasing arrows symbol,"

11   but denies that this appears uniformly on all of the Products. Colgate denies the remaining

12   allegations in Paragraph 23.

13       24.    Defendant also makes similar representation on its Tom's of Maine toothpastes. An

14   example of Defendant's Tom's of Maine toothpaste packaging is as follows:



DEFENDANT COLGATE-PALMOLIVE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT
Case No. 3:23-cv-04086-JCS

Answer:  Colgate admits that some of the Tom's of Maine-branded Products include the claim "The First of Its Kind Recyclable Tube," but denies that this representation is "similar" to the representations on Colgate-branded Products.  Answering further, Colgate denies that the image in Paragraph 24 is representative of all packaging of the Tom's of Maine-branded Products.

25.    The back label of the Products advertises that the Product has "THE FIRST OF ITS KIND RECYCLABLE TUBE."

Answer:  Colgate admits that some of the Tom's of Maine-branded Products include the claim "The First of Its Kind Recyclable Tube" on the back of the Product packaging.

26.    Defendant makes substantially similar representations on Tom's of Maine Luminous White Toothpaste, Tom's of Maine Luminous White Toothpaste with Charcoal, Tom's of Maine Activated Charcoal Toothpaste, Tom's of Maine Fluoride-Free Botanically Bright Toothpaste, Tom's of Maine Simply White Toothpaste, Tom's of Maine Wicked Fresh! Toothpaste, Tom's of Maine Fluoride-Free Antiplaque and Whitening Toothpaste, Tom's of Main Fluoride Free Propolis and Myrrh Toothpaste, Tom's of Maine Whole Care Toothpaste, Tom's of Maine Fluoride-Free Rapid Relief Sensitive Toothpaste, and Tom's of Maine Sensitive + Whitening Fluoride Free Toothpaste.

Answer:  Denied.

27.    Defendant's packaging and advertising also invites consumers to "[l]earn more at tomsofmaine.com." However, Defendant's (tomsofmaine) website only includes a short video regarding the purported recyclability of the Products. If a person goes to the very bottom of the Tom's of Maine website, there is an FAQ. The FAQ states "[g]etting your tube ready for recycling is easy: simply squeeze out as much of the toothpaste from the tube as you can, replace the cap, and place the tube in your recycling bin."

Answer:  Colgate responds that Paragraph 27 refers to the packaging of the Tom's of Maine-branded products, and to the FAQs on the Tom's of Maine website, both of which speak for themselves.  Colgate denies the remaining allegations in Paragraph 27 of the FAC.

28.   Even so, reasonable consumers do not visit websites before making ordinary every day purchases and a simple reference to a website does nothing to cure the unqualified recyclability claims on the Products.

Answer:  Denied.

29.   Defendant also prominently features "Recyclable" claims in much of its advertising for Tom's of Maine Toothpaste:



Answer:  Colgate admits that it advertises Tom's of Maine-branded Products as recyclable in some of its advertising materials.  Answering further, Colgate denies that such claims are "prominently" featured in "much of its advertising for Tom's of Maine toothpaste."

30.   Defendant reinforces its "Recyclable Tube" misrepresentations with additional claims on the Products and on its websites[6] such as "Recycle Me!," "Buy Smart – By reaching for this toothpaste tube you're actively making a difference;" "Recycle It – Our recyclable tube is not

---

[6] To be clear, Plaintiffs do not base their claims on Defendant's website representations, but only cite them to show the extent of Defendant's misrepresentations.

DEFENDANT COLGATE-PALMOLIVE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT
Case No. 3:23-cv-04086-JCS

meant for a landfill—it gets turned into useful products;" and "As the leaders in the oral care industry, we wanted to create a recyclable alternative."[7]

Answer:  Colgate responds that Paragraph 30 references the Colgate and Tom's of Maine Products and websites, which speak for themselves.  Colgate denies the remaining allegations in Paragraph 30 of the FAC.

**2)     Defendant's Claims Are False**

31.     Traditionally, toothpaste tubes are made from sheets of plastic laminate, which is usually a combination of different plastics sandwiched around a thin layer or aluminum.

Answer:  Admitted.

32.     Because toothpaste tubes are typically made of a mixture of different types of plastic and metal, they are difficult to sort, separate, and process into reusable material. As such, they are universally banned and rejected by MRFs and recycling programs throughout California and the United States.

Answer:  Colgate admits that traditional, non-recyclable aluminum laminate toothpaste tubes are difficult to separate and process into reusable materials and are generally not recyclable. Colgate denies the remaining allegations in Paragraph 32 of the FAC.

33.     In 2019, Defendant announced that it would be introducing a monomaterial toothpaste tube made entirely out of HDPE plastic. Because the new tubes are made entirely of plastic, they are theoretically not as difficult to recycle as traditional toothpaste tubes. Defendant heralded the new toothpaste tube as a major innovation and announced it as a first-of-its-kind, truly recyclable toothpaste tube.

Answer:  Colgate admits that, in 2019, Tom's of Maine announced that it was introducing a first-of-its-kind recyclable toothpaste tube.  Colgate denies the remaining allegations in Paragraph 33 of the FAC.

---

[7] *Introducing the first-of-its-kind recyclable toothpaste tube*, Colgate http://www.colgate.com/en-gb/power-of-optimism/faq (last visited July 26, 2023).

34.     In reality, the purported innovation is a total flop. Although the Product was designed to be ***theoretically*** recyclable, in practice, recycling facilities do not accept the redesigned tubes. Accordingly, they are not, in fact, recyclable.

Answer:  Denied.

35.     As Bloomberg reported, "[f]or many facilities in the US, the company's new recyclable tubes are indistinguishable from those made from more common plastics, prompting recyclers to reject them."[8] Sandeep Kalkarni, a consultant at the Association of Plastic Recyclers explained that "[t]he old tubes could cause contamination if consumers put them in the recycling bin, so it's easier for recycling facilities to reject toothpaste tubers across the board."[9]

Answer:  Colgate responds that Paragraph 35 refers to an article referenced in Footnotes 8 and 9 of the FAC, which speaks for itself.  To the extent a response is required, Colgate denies the allegations in Paragraph 35 of the FAC.

36.     Waste Management, Inc., one of the largest recycling and disposal companies in California, which operates municipal recycling programs in hundreds of communities in California, including Sacramento, Los Angeles, Oakland, and San Francisco said that the "tubes are not in its list of acceptable items."[10]

Answer:  Colgate responds that Paragraph 36 refers to an article referenced in Footnote 10 of the FAC, which speaks for itself.  To the extent a response is required, Colgate lacks sufficient information to admit or deny the allegations in Paragraph 36, and on that basis denies them.

37.     Indeed, the sfrecycles.org website expressly states that toothpaste tubes belong in the landfill bin.

---

[8] Sirtori-Cortina, *supra* note 1.

[9] *Id.*

[10] *Id.*

DEFENDANT COLGATE-PALMOLIVE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION
COMPLAINT
Case No. 3:23-cv-04086-JCS



Answer:  Colgate responds that Paragraph 37 purports to reference the SF Recycles website, which speaks for itself.  To the extent a further response is required, Colgate denies the allegations in Paragraph 37.

38.    Defendant represents to consumers that the Products are compatible with HDPE plastic waste stream. However, generally, recycling facilities in California and the United States that accept HDPE plastic only accept jugs and bottles. The minority of recycling facilities that accept irregular HDPE plastic items, require that they be clean and free of contaminants to be recycled.

Answer:  Colgate admits that some of the labeling and advertising of the Products provides that the Products are compatible with the HDPE #2 recycling stream.  Colgate denies the remaining allegations in Paragraph 38 of the FAC.

39.     There is an insurmountable contamination risk caused by leftover toothpaste. Even when consumers know it is required, it is impossible for them to remove all of the toothpaste from the tubes before recycling them. Thus, even if a recycling facility accepts irregularly shaped HDPE plastic, the tubes are still not accepted because they are not clean and free of contaminants.

Answer:  Denied.

40.     Defendant, of course, dismisses this issue, explaining on its website that residual toothpaste is removed during the rinsing process. However, Pete Keller, Vice President of Sustainability at Republic Services Inc., has confirmed that this is "another concern" that prevents recycling facilities from accepting the tubes because the "leftover toothpaste cause[] contamination."[11]

Answer:  Colgate denies that it "dismisses" the contamination issue, but admits that it explains on the Colgate and Tom's of Maine websites that residual toothpaste is removed during the rinsing process.  Responding further, Paragraph 40 refers to the article referenced in Footnotes 11 of the FAC, which speaks for itself.  To the extent a response is required, Colgate denies the remaining allegations in Paragraph 40 of the FAC.

41.     Contaminated materials are one-hundred percent not recyclable. More egregiously, contamination degrades the quality of recyclables, which often causes materials that would otherwise be recycled to be landfilled. In other words, Defendant's Products are not only unrecyclable, they actually reduce the recyclability of truly recyclable items.

Answer:  Denied.

42.     In the same Bloomberg report, Defendant acknowledged "that acceptance might still be limited and advised consumers to check with local community programs."[12] Yet, it fails to make this disclosure on the Products.

---

[11] *Id.*

[12] *Id.*

1   <u>Answer:</u>  Colgate responds that Paragraph 42 quotes from the article referenced in

2   Paragraph 12 of the FAC, which speaks for itself.  Colgate denies the remaining allegations in

3   Paragraph 42 of the FAC.

4   43.   Cumulatively, Republic Services Inc. and Waste Management, Inc. serve over 40%

5   of consumers in California and approximately 25% of consumer nationwide. However, they are

6   not the only companies that refuse the Products, recycling facilities throughout California and the

7   United States do not accept toothpaste tubes because of the processing concerns that they pose.

8   Indeed, www.earth911.com, the largest and most comprehensive database of recycling centers in

9   the country, shows that there is not a single program that accepts toothpaste tubes of any kind. The

10   website only mentions a single mail-in program in New Jersey. But its existence does not render

11   Defendant's representations true or not misleading or deceptive. A mail in program in New Jersey

12   is not reasonably accessible to Californians, nor is it reasonably accessible to nationwide

13   consumers, including those in New Jersey. Even assuming consumers learned of the existence of

14   the program and mailed the Products around the country, this is not how reasonable consumers

15   recycle their recyclable goods or understand the term "Recyclable." Indeed, the environmental

16   harm associated with shipping used toothpaste containers around the country underscores the

17   absurdity of it.[13]

18   <u>Answer:</u>  Denied.

19   **3)   <u>Defendant's Marketing of the Products Violates California Public Policy,</u>**

20   **<u>California Law, and the FTC Green Guides Which Reject a Definition of</u>**

21   **<u>"Recyclable" Based on Theoretical Recyclability</u>**

22   44.   The State of California has declared that "it is the public policy of the state that

23   environmental marketing claims, whether explicit or implied, should be substantiated by

24   competent and reliable evidence to prevent deceiving or misleading consumers about the

25   environmental impact of plastic products." Cal. Pub. Res. Code § 42355.5. The policy is based on

26

27   ───────────────

[13] Even consumers in New Jersey would inflict further environmental harm with in state packing

28   and shipping.

the Legislature's finding that "littered plastic products have caused and continue to cause significant environmental harm and have burdened local governments with significant environmental cleanup costs." *Id.* § 42355. Further, California requires marketers that make environmental claims to "maintain in written form in its records . . . information and documentation supporting the validity of the representation" including "[w]hether, if applicable, the consumer good conforms with the uniform standards contained in the Federal Trade Commission Guidelines for Environmental Marketing Claims for the use of the terms 'recycled,' 'recyclable,' 'biodegradable,' 'photodegradable,' or 'ozone friendly.'" Cal. Bus. & Prof. Code § 17580. Defendant has not complied with § 17580 because, as detailed below, the Products do not comply with the Green Guides and, thus, it cannot and does not possess written documentation substantiating its "Recyclable" claim.

      <u>Answer:</u>  Colgate responds that Paragraph 44 quotes from California Public Resources Code § 42355.5, California Public Resources Code § 42355, and California Business and Professions Code § 17580, which speak for themselves.  Answering further, Paragraph 44 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 44 of the FAC.

      45.    Additionally, California Business and Professions Code § 17580.5 makes it "unlawful for any person to make any untruthful, deceptive, or misleading environmental marketing claim, whether explicit or implied." Pursuant to that section, the term "environmental marketing claim" includes any claim contained in the Green Guides. Cal. Bus. & Prof. Code § 17580.5; *see also* 16 C.F.R. §§ 260.1, *et seq.* Defendant has not complied with § 17580.5 because, as detailed below, Defendant's marketing of the Products as recyclable and/or having a "Recyclable Tube" violates several provisions of the Green Guides and is deceptive to reasonable consumers.

      <u>Answer:</u>  Colgate responds that Paragraph 45 quotes from California Business and Professions Code § 17580.5, which speaks for itself.  Answering further, Paragraph 45 consists of

1  legal conclusions to which no response is required. To the extent a response is required, Colgate

2  denies the remaining allegations in Paragraph 45 of the FAC.

3      46.     In promulgating the current recycling definition, the FTC clarified that "[f]or a

4  product to be called recyclable, there must be an established recycling program, municipal or

5  private, through which the product will be converted into, or used in, another product or package."

6  *See* 63 Fed. Reg. 84, 11 24247 (May 1, 1998). As the FTC has stated, "while a product may be

7  technically recyclable, if a program is not available allowing consumers to recycle the product,

8  there is no real value to consumers." *Id.*, at 24243.

9      Answer:  Colgate responds that Paragraph 46 quotes from 63 Fed. Reg. 84, 11 24247 (May

10  1, 1998), which speaks for itself.  To the extent a response is required, Colgate denies the

11  allegations of Paragraph 46 of the FAC.

12      47.     The Green Guides state in relevant part that "[i]t is deceptive to misrepresent

13  directly or by implication, that a product or package is recyclable." 16 C.F.R. § 260.12(a). The

14  Green Guides only permit marketers to make unqualified recyclable claims "[w]hen recycling

15  facilities **are available** to a substantial majority of consumers or communities where the item is

16  sold." *Id.* § 260.12(b)(1) (emphasis added). "The term 'substantial majority,' as used in this

17  context, means at least 60 percent." *Id.* "When recycling facilities are available to less than a

18  substantial majority of consumers or communities where the item is sold, marketers should qualify

19  all recyclable claims." *Id.* § 260.12(b)(2); *see id.* § 260.3(a) ("[t]o prevent deceptive claims,

20  qualifications and disclosures should be clear, prominent, and understandable. To make

21  disclosures clear and prominent, marketers should use plain language and sufficiently large type,

22  should place disclosures in close proximity to the qualified claim, and should avoid making

23  inconsistent statements or using distracting elements that could undercut or contradict the

24  disclosure.").

25      Answer:  Colgate responds that Paragraph 47 quotes from 16 C.F.R. § 260.12 and 16 C.F.R.

26  § 260.3(a), which speak for themselves.  The allegation that the Green Guides only permit

27  marketers to make unqualified recyclable claims "[w]hen recycling facilities **are available** to a

28

substantial majority of consumers or communities where the item is sold" is a legal conclusion to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 47 of the FAC.

48.     Recycling facilities for Defendant's Products are not available to a substantial majority of consumers and communities. As discussed, *supra*, a review of municipal recycling programs shows that there are currently no recycling facilities for the Products available to consumers or communities in California and nationwide. This is because recycling facilities in California and nationwide are unable to process them due to substantial risk of contamination.

Answer:  Denied.

49.     Despite the severely limited availability of recycling programs for the Products, Defendant fails to properly qualify its claim. The Green Guides explain, "[i]f recycling facilities are available only to a few consumers, marketers should use stronger clarifications. For example, a marketer in this situation may qualify its recyclable claim by stating: 'This product [package] is recyclable only in the few communities that have appropriate recycling facilities.'" Id.

Answer:  The allegation that "Defendant fails to properly qualify its claim," is a legal conclusion to which no response is required. Answering further, Colgate responds that Paragraph 49 of the FAC quotes from the Green Guides, which speak for themselves. To the extent a response is required, Colgate denies the allegations in Paragraph 49 of the FAC.

50.     Defendant fails to properly qualify its claim because it does not inform consumers that recycling facilities for the Products are severely limited in California and nationwide. Defendant's simple reference to a website is not a qualification or disclosure as required by the Green Guides because it gives no information relevant to the recyclability claim. *See* 16 C.F.R. § 260.12(b)(2); *id.* § 260.3(a)

Answer:  Paragraph 50 consists of a legal conclusion to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 50 of the FAC.

51.     Defendant's marketing of the Products as recyclable violates the Green Guides because Defendant falsely represents that the Products are recyclable even though recycling

facilities for the Products are not available to a substantial majority of consumers or communities in California and nationwide.

Answer:  Paragraph 51 consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 51 of the FAC.

52.    Further, the Green Guides require marketers to support their environmental claim with a reasonable basis before they make the claims. 16 CFR § 260.2 ("Marketers must ensure that all reasonable interpretations of their claims are truthful, not misleading, and supported by a reasonable basis before they make the claims."). "[A] firm's failure to possess and rely upon a reasonable basis for objective claims constitutes an unfair and deceptive act or practice in violation of Section 5 of the Federal Trade Commission Act." *See* FTC Policy Statement Regarding Advertising Substantiation, 104 FTC 839 (1984) (cited by 16 CFR § 260.2). Defendant does not possess information sufficient to support its claims that the Products are recyclable because the Products are not recyclable as reasonable consumers understand the term.

Answer:  Colgate responds that Paragraph 52 quotes from 16 CFR § 260.2 and FTC Policy Statement Regarding Advertising Substantiation, 104 FTC 839 (1984), which speak for themselves.  Answering further, Paragraph 52 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 52 of the FAC.

53.    At a minimum, Defendant's marketing of the Products as recyclable is an unfair practice under the California's Unfair Competition Law, as it undermines both state and local policies of reducing the amount of plastic in landfills and the amount of pollution from plastic in the environment because consumer purchase the Products instead of less wasteful alternatives believing that they will be able to recycle them.

Answer:  Paragraph 53 consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 53 of the FAC.

### 4) Defendant Misleadingly Markets the Products to Increase Profits and Gain a Competitive Edge

54.     Defendant markets the Products as having a recyclable tube to capitalize on consumer demand for "green" products. In particular, Defendant intends for reasonable consumers to believe, and reasonable consumers do believe, that recycling facilities that recycle the Products are available to a substantial majority of consumers and communities in California and nationwide. Further, Defendant intends for consumers to believe, and reasonable consumers do believe, that because the Products have a recyclable tube, they are environmentally superior to its competitors' products that do not contain the same representation.

Answer:  Denied.

55.     Defendant's illegal marketing campaign has been extremely successful. Defendant sells billions of dollars of the Products every year in California and nationwide. During the time period since Defendant debuted the claim, the average price for Colgate toothpaste products has risen dramatically. The Products are sold in grocery stores, drug stores, and big box stores throughout California and the country. Because of the big potential for sales, Defendant has no incentive to stop claiming that the Products are recyclable or change its disclaimers to discourage sales.

Answer:  Colgate denies the allegations in Paragraph 55 of the FAC except admits that the Products are sold in grocery stores, drug stores, and big box stores throughout California and nationwide.

56.     Because consumers are led to believe the Products have a recyclable tube and, therefore, purchase them because they are a "green" product, Defendant is able to charge a premium for the Products. If consumers knew that recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California and nationwide, the product would not command a premium price based on that representation, fewer consumers would purchase them, and Plaintiffs would not pay the premium attributable to that representation.

Answer:  Denied.

5)   **Plaintiffs' Experiences**

57.   On several occasions over the past four years, including on or around August 2022, Plaintiff Gershzon purchased Colgate Total Toothpaste from a Safeway near his home in San Francisco, California. He read the claim "Recyclable Tube" on the Product and purchased it because he believed it was recyclable, which he understood to mean that recycling facilities that accept and recycle the Product are generally available to consumers in California. He believed he would be able to recycle the Product through his curbside recycling program. He later learned that his municipal recycling program does not accept toothpaste tubes for recycling. Had Plaintiff Gershzon known that the Products are only theoretically recyclable and that recycling facilities for the Products are not available to a substantial majority of consumers or communities in California, he would not have purchased them, or at a minimum, he would have paid less for them.

Answer:   Colgate lacks sufficient information to admit or deny the allegations in Paragraph 57 of the FAC and on that basis denies them.

58.   In or around October 2022, Plaintiff Della purchased Colgate Total Toothpaste from a Walmart near her home in Ridgecrest, California. She read the claim "Recyclable Tube" on the Product and purchased it because she believed it was recyclable, which she understood to mean that recycling facilities that accept and recycle the Product are generally available to consumers in California. She believed she would be able to recycle the Product through her curbside recycling program. She later learned that her municipal recycling program does not accept toothpaste tubes for recycling. Had Plaintiff Della known that the Products are only theoretically recyclable and that recycling facilities for the Products are not available to a substantial majority of consumers or communities in California, she would not have purchased them, or at a minimum, she would have paid less for them.

Answer:   Colgate lacks sufficient information to admit or deny the allegations in Paragraph 58 of the FAC and on that basis denies them.

59.   On several occasions over the past four years, including on or around August 2022, Plaintiff Lienhard purchased Tom's of Maine Fluoride-Free Rapid Relief Sensitive Toothpaste and

1   Tom's of Maine Fluoride-Free Antiplaque and Whitening Toothpaste at a Walmart near her home

2   in Arroyo Grande, California. She read the claim "The First of Its Kind Recyclable Tube" on the

3   Product and purchased it because she believed that it was recyclable, which she understood to

4   mean that recycling facilities that accept and recycle the Product are generally available to

5   consumers in California. She believed she would be able to recycle the Product through her

6   curbside recycling program. She later learned that her municipal recycling program does not accept

7   toothpaste tubes for recycling. Had Plaintiff Lienhard known that the Products are only

8   theoretically recyclable and that recycling facilities for the Products are not available to a

9   substantial majority of consumers or communities in California, she would not have purchased

10   them, or at a minimum, she would have paid less for them.

11       Answer:  Colgate lacks sufficient information to admit or deny the allegations in Paragraph

12   59 of the FAC and on that basis denies them.

13       60.    Plaintiffs continue to desire to purchase from Defendant toothpaste tubes that are

14   truly recyclable as reasonable consumers understand the term. However, Plaintiffs are unable to

15   determine at the point of purchase if recycling facilities that recycle the Products are available to

16   a substantial majority of consumers or communities in California. Plaintiffs understand that the

17   design and composition of the Products may change over time. But as long as Defendant may use

18   the phrase "Recyclable Tube" and similar representations on Products that are not recyclable as

19   reasonable consumers understand the term, then when presented with Defendant's packaging,

20   Plaintiffs continue to have no way of determining whether the recyclability representations are in

21   fact true. Thus, Plaintiffs are likely to be repeatedly presented with false or misleading information

22   when shopping and they will be unable to make informed decisions about whether to purchase

23   Defendant's Products and will be unable to evaluate the different prices between Defendant's

24   Products and competitors' Products. Plaintiffs are further likely to be repeatedly misled by

25   Defendant's conduct, unless and until Defendant is compelled to ensure that its recycling

26   representations are accurate.

27

28

<u>Answer:</u>  Colgate lacks sufficient information to admit or deny the allegations as to Plaintiffs' state of mind or beliefs, and on that basis denies those allegations.  Colgate denies the remaining allegations of Paragraph 60 of the FAC.

## <u>CLASS ALLEGATIONS</u>

61.     In addition to their individual claims, Plaintiffs brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

<u>Answer:</u>  Colgate admits that Plaintiffs purport to bring this action "pursuant to Rule 23 of the Federal Rules of Civil Procedure" but denies that this case can be maintained as a class action.

62.     Plaintiffs bring this class action lawsuit on behalf of a proposed class and subclass of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, defined as follows:

**<u>Class</u>**

All persons who, between August 11, 2019 and the present, purchased the Products throughout the United States (the "Class").

Excluded from this Class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and those who purchased the Products for the purpose of resale.

**<u>California Subclass</u>**

All persons who purchased the Products in California (the "Subclass").

<u>Answer:</u>  Paragraph 62 consists of a definition of a putative class and subclass to which no response is required.  To the extent a response is required, Colgate admits that Plaintiffs purport to assert their claims on behalf of the putative class and subclass defined in Paragraph 62 but deny that class certification is appropriate as to any putative class.

63.     This action has been brought and may properly be maintained as a class action against Defendant because there is a well-defined community of interest in the litigation and the proposed Class and Subclass are easily ascertainable.

<u>Answer:</u>  Paragraph 63 consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 63 of the FAC.

64.     Numerosity: Plaintiffs do not know the exact size of the Class and Subclass, but they estimate that they are composed of more than 5,000 persons. The persons in the Class and Subclass are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

Answer:  Paragraph 64 consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 64 of the FAC.

65.     Common Questions Predominate: This action involves common questions of law and fact to the proposed Class and Subclass because each class and subclass member's claim derives from the same deceptive, unlawful and/or unfair statements and omissions. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class and Subclass to recover. The questions of law and fact common to the Class and Subclass include, but are not limited to, the following:

  a) Whether recycling facilities for the Products are available to a substantial majority of communities or consumers in California;

  b) Whether recycling facilities for the Products are available to a substantial majority of communities or consumers nationwide;

  c) Whether it is misleading to label the Products as having a "Recyclable Tube" or with other unqualified recyclable claims;

  d) Whether it is unlawful to label the Products as having a "Recyclable Tube" or with other unqualified recyclable claims;

  e) Whether Defendant unfairly, unlawfully and/or deceptively failed to inform class and subclass members that recycling for the Products is not available to a substantial majority of consumer and communities where the Products are sold;

f)   Whether Defendant's advertising and marketing regarding the Products sold to class and subclass members was likely to deceive class and subclass members or was unfair;

g)   Whether Defendant engaged in the alleged conduct knowingly, recklessly, or negligently;

h)   The amount of the premium lost by class and subclass members as a result of such wrongdoing;

i)   Whether class and subclass members are entitled to injunctive and other equitable relief and, if so, what is the nature of such relief; and

j)   Whether class and subclass members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

<u>Answer:</u>  Paragraph 65 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 65 of the FAC.

66.   Typicality: Plaintiffs' claims are typical of the claims of other members of the Class and Subclass because, among other things, all such claims arise out of the same wrongful course of conduct in which Defendant engaged in violation of law as described herein. Plaintiffs and class and subclass members purchased one or more tubes of Products. In addition, Defendant's conduct that gave rise to the claims of Plaintiffs and class and subclass members (i.e., marketing, sales and advertising of the Products as recyclable) is the same for Plaintiffs and all members of the Class and Subclass. Plaintiffs' claims, like the claims of the class and subclass members, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

<u>Answer:</u>  Paragraph 66 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 66 of the FAC.

67.   Adequacy of Representation: Plaintiffs will fairly and adequately protect the interests of all class and subclass members because it is in their best interests to prosecute the

DEFENDANT COLGATE-PALMOLIVE COMPANY'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain. Plaintiffs also have no interests that are in conflict with, or antagonistic to, the interests of class and subclass members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and those of the Class and Subclass. By prevailing on their own claims, Plaintiffs will establish Defendant's liability to all class and subclass members. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the class and subclass members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class and subclass members.

Answer:  Paragraph 67 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 67 of the FAC.

68.    Superiority: There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the proposed Class and Subclass will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of class and subclass members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the Class and Subclass may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class and Subclass to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.

Answer:  Paragraph 68 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 68 of the FAC.

69.    Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

1      <u>Answer:</u>  Colgate lacks sufficient information to admit or deny whether Plaintiffs are

2  "unaware of difficulties that are likely to be encountered in the management of this action" and on

3  that basis denies that allegation.  Colgate denies the remaining allegations in Paragraph 69 of the

4  FAC.

5  **<u>CAUSES OF ACTION</u>**

6  **<u>PLAINTIFFS' FIRST CAUSE OF ACTION</u>**

7  **(Violation of the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*)**

8  **On Behalf of Themselves and the Subclass**

9      70.    Plaintiffs reallege and incorporate the paragraphs of this First Amended Complaint

10  as if set forth herein.

11      <u>Answer:</u>  Colgate admits that Plaintiffs purport to incorporate the allegations set forth

12  above in the FAC, and Colgate incorporates its answers to the allegations set forth above in the

13  FAC.

14      71.    This cause of action is brought pursuant to the California Consumers Legal

15  Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA").

16      <u>Answer:</u>  Colgate admits that Plaintiffs purport to bring a claim "pursuant to the California

17  Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*.," but denies that Plaintiffs

18  are entitled to relief under that statute.

19      72.    Plaintiffs purchased the Products from Defendant for personal, family, or

20  household purposes.

21      <u>Answer:</u>  Paragraph 72 consists of a legal conclusion to which no response is required.  To

22  the extent a response is required, Colgate lacks sufficient information to admit or deny the

23  allegations in Paragraph 72 of the FAC and on that basis denies the allegations.

24      73.    The Products that Plaintiffs (and others similarly situated subclass members)

25  purchased from Defendant were and are "goods" within the meaning of California Civil Code §

26  1761(a).

27

28

1  <u>Answer:</u>  Paragraph 73 consists of a legal conclusion to which no response is required.  To

2  the extent a response is required, Colgate denies the allegations in Paragraph 73 of the FAC.

3  74.  Plaintiffs are "consumers" as that term is defined by the CLRA in California Civil

4  Code § 1761(d).

5  <u>Answer:</u>  Paragraph 74 consists of a legal conclusion to which no response is required.  To

6  the extent a response is required, Colgate denies the allegations in Paragraph 74 of the FAC.

7  75.  Defendant's actions, representations and conduct have violated, and continue to

8  violate the CLRA, because they extend to transactions that are intended to result, or which have

9  resulted, in the sale or lease of goods or services to consumers.

10  <u>Answer:</u>  Paragraph 75 consists of a legal conclusion to which no response is required.  To

11  the extent a response is required, Colgate denies the allegations in Paragraph 75 of the FAC.

12  76.  By engaging in the actions, representations and conduct set forth in this First

13  Amended Complaint, Defendant has violated, and continues to violate, § 1770(a)(2), § 1770(a)(5),

14  § 1770(a)(7), § 1770(a)(8), and § 1770(a)(9) of the CLRA. In violation of California Civil Code §

15  1770(a)(2), Defendant's acts and practices constitute improper representations regarding the

16  source, sponsorship, approval, or certification of the goods they sold. In violation of California

17  Civil Code § 1770(a)(5), Defendant's acts and practices constitute improper representations that

18  the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or

19  quantities, which they do not have. In violation of California Civil Code § 1770(a)(7), Defendant's

20  acts and practices constitute improper representations that the goods they sell are of a particular

21  standard, quality, or grade, when they are of another. In violation of California Civil Code §

22  1770(a)(8), Defendant has disparaged the goods, services, or business of another by false or

23  misleading representation of fact. In violation of California Civil Code § 1770(a)(9), Defendant

24  has advertised goods or services with intent not to sell them as advertised. Specifically, in violation

25  of §§ 1770(a)(2), (a)(5), (a)(7), and (a)(9), Defendant deceptively and unlawfully labeled the

26  Products with the claims "Recyclable Tube", "First of Its Kind Recyclable Tube", the universal

27  recycling symbol, and other unqualified "Recyclable" claims that deceptively lead consumers to

28

believe that recycling facilities that recycle the Products are available to a substantial majority of consumers or communities in California. In violation of section 1770(a)(8), Defendant falsely or deceptively markets and advertises that, unlike products not specifically labeled as recyclable, the Products are recyclable—i.e., recycling facilities that recycle the Products are available to a substantial majority of consumers throughout California.

Answer:  Paragraph 76 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 76 of the FAC.

77.    Plaintiffs request that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2). If Defendant is not restrained from engaging in these types of practices in the future, Plaintiffs and the other members of the Class and Subclass will continue to suffer harm.

Answer:  Colgate admits that Plaintiffs purport to "request that this Court enjoin Defendant from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2)," but denies that such injunction should issue.  Colgate denies the remaining allegations in Paragraph 77 of the FAC.

78.    CLRA § 1782 NOTICE. On February 9, 2023, Plaintiffs provided Defendant with notice and demand that within thirty (30) days from that date, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Defendant failed to take any of the requested actions within thirty days. Plaintiffs seek, pursuant to California Civil Code § 1780(a), on behalf of themselves and those similarly situated members of the Subclass, actual damages, punitive damages and restitution of any ill-gotten gains due to Defendant's acts and practices. With regard to the amount of damages and restitution, Plaintiffs seek to recover for themselves and the Subclass a full refund of the price paid for the Products, or in the alternative, the price premium paid for the Products, i.e., difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

1
2
3
4
5
6
7
8
9

Answer:   Colgate admits that, on February 14, 2023, Colgate received a letter dated February 9, 2023 and postmarked February 10, 2023, in which Plaintiffs purported to provide Colgate "with a written notice and demand that within thirty (30) days from that date, Defendant correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein."  Colgate denies that the letter identified any "unlawful unfair, false, and/or deceptive practices" and on that basis denies that there was any basis for Colgate to "take any of the requested actions within 30 days."  Responding further, the remaining allegations in Paragraph 78 consist of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the remaining allegations in Paragraph 78 of the FAC.

10
11

79.     Plaintiffs also request that this Court award them costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

12
13
14

Answer:   Colgate admits that Plaintiffs purport to request that this Court award them costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d), but denies that any costs and/or fees should be awarded.

15

**PLAINTIFFS' SECOND CAUSE OF ACTION**

16

**(False Advertising, Business and Professions Code §§ 17500, *et seq.* ("FAL"))**

17

**On Behalf of Themselves and the Subclass**

18
19

80.     Plaintiffs reallege and incorporate by reference the paragraphs of this First Amended Complaint as if set forth herein.

20
21
22

Answer:   Colgate admits that Plaintiffs purport to incorporate the allegations set forth above in the FAC, and Colgate incorporates its answers to the allegations set forth above in the FAC.

23
24
25

81.     Beginning at an exact date unknown to Plaintiffs, but within three (3) years preceding the filing of the First Amended Complaint, Defendant made untrue, false, deceptive and/or misleading statements in connection with the advertising and marketing of the Products.

26
27

Answer:   Paragraph 81 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 81 of the FAC.

28

82. Defendant made representations and statements (by omission and commission) that the Products have a recyclable tube, which reasonable consumers understand to mean that recycling facilities that recycle the Products are available to a substantial majority of consumers or communities in California. Defendant deceptively failed to inform Plaintiffs that recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California.

Answer: Paragraph 82 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 82 of the FAC.

83. Plaintiffs and those similarly situated relied to their detriment on Defendant's false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth above. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, refraining from purchasing the Products or paying less for them.

Answer: Paragraph 83 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 83 of the FAC.

84. Defendant's acts and omissions are likely to deceive reasonable consumers and the general public.

Answer: Paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 84 of the FAC.

85. Defendant engaged in these false, misleading and deceptive advertising and marketing practices to increase its profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by §§ 17500, *et seq.* of the California Business and Professions Code.

Answer: Paragraph 85 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 85 of the FAC.

86. The aforementioned practices, which Defendant has used, and continue to use, to its significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors as well as injury to the general public.

Answer: Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 86 of the FAC.

87. As a direct and proximate result of such actions, Plaintiffs and the other members of the Class and Subclass have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs, and those similarly situated, paid a price premium for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis. Alternatively, Plaintiffs and those similarly situated will seek a full refund of the price paid upon proof that the sale of the Products was unlawful.

Answer: Paragraph 87 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 87 of the FAC.

88. Plaintiffs seek equitable relief, including restitution, with respect to their FAL claims. Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs make the following allegations in this paragraph only hypothetically and as an alternative to any contrary allegations in their causes of action 1, 3 and 4, in the event that such causes of action will not succeed. Plaintiffs and the Subclass may be unable to obtain monetary, declaratory and/or injunctive relief directly under causes of action 1, 3 and 4 and will lack an adequate remedy at law, if the Court requires them to show classwide reliance and materiality beyond the objective reasonable consumer standard applied under the FAL, because Plaintiffs may not be able to establish each class and subclass member's individualized understanding of Defendant's misleading representations as described in Paragraphs 18–30 of this First Amended Complaint, but the FAL does not require

individualize proof of deception or injury by absent class members. *See, e.g., Ries v. Ariz. Bevs. USA LLC,* 287 F.R.D. 523, 537 (N.D. Cal. 2012) ("restitutionary relief under the UCL and FAL 'is available without individualized proof of deception, reliance, and injury.'"). In addition, Plaintiffs and the Subclass may be unable to obtain such relief under causes of action 3 and 4 and will lack an adequate remedy at law, if Plaintiffs are unable to demonstrate the requisite *mens rea* (intent, reckless, and/or negligence), because the FAL imposes no such *mens rea* requirement and liability exists even if Defendant acted in good faith.

Answer:  Paragraph 88 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 88 of the FAC.

89.     Plaintiffs seek, on behalf of those similarly situated, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

Answer:  Colgate admits that Plaintiffs purport to seek "a declaration that the above-described practices constitutes false, misleading and deceptive advertising," but deny that such declaration is warranted.

90.     Plaintiffs seek, on behalf of those similarly situated, an injunction to prohibit the sale of the Products within a reasonable time after entry of judgment, unless the packaging and marketing for the Products are modified to disclose the omitted facts about the recyclability of the Products. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which Defendant are not entitled. Plaintiffs, those similarly situated and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

Answer:  Colgate admits that Plaintiffs purport to seek "an injunction to prohibit the sale of the Products within a reasonable time after entry of judgment, unless the packaging and

marketing for the Products are modified to disclose the omitted facts about the recyclability of the Products," but deny that such injunction should issue. Colgate denies the remaining allegations in Paragraph 90 of the FAC.

## PLAINTIFFS' THIRD CAUSE OF ACTION

### (Fraud, Deceit and/or Misrepresentation)

### On Behalf of Themselves and the Class

91.     Plaintiffs reallege and incorporate by reference the paragraphs of this First Amended Complaint as if set forth herein.

Answer:  Colgate admits that Plaintiffs purport to incorporate the allegations set forth above in the FAC, and Colgate incorporates its answers to the allegations set forth above in the FAC.

92.     Defendant fraudulently and deceptively led Plaintiffs to believe that the Products are recyclable when the Products are not recyclable, as reasonable consumers understand the term, because recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California and nationwide. Defendant deceptively failed to inform Plaintiffs, and those similarly situated, that recycling facilities for the Products are not available to a substantial majority of consumers or communities in California and nationwide.

Answer:  Paragraph 92 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 92 of the FAC.

93.     These misrepresentations and omissions were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase the Products.

Answer:  Paragraph 93 consists of legal conclusions to which no response is required. To the extent a response is required, Colgate denies the allegations in Paragraph 93 of the FAC.

94.     Defendant made identical misrepresentations and omissions to members of the Class and Subclass regarding the Products.

Answer:  Denied.

95.     Plaintiffs and those similarly situated relied to their detriment on Defendant's fraudulent misrepresentations and omissions. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, not purchasing (or paying less for) the Products.

Answer:  Paragraph 95 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 95 of the FAC.

96.     Defendant had a duty to inform class and subclass members at the time of their purchases that recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California and nationwide. Defendant omitted to provide this information to class and subclass members. Class and subclass members relied to their detriment on Defendant's omissions. These omissions were material to the decisions of the class and subclass members to purchase the Products. In making these omissions, Defendant breached its duty to class and subclass members. Defendant also gained financially from, and as a result of, its breach.

Answer:  Paragraph 96 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 96 of the FAC.

97.     By and through such fraud, deceit, misrepresentations and/or omissions, Defendant intended to induce Plaintiffs, and those similarly situated, to alter their position to their detriment. Specifically, Defendant fraudulently and deceptively induced Plaintiffs, and those similarly situated, to, without limitation, pay a premium to purchase the Products.

Answer:  Paragraph 97 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 97 of the FAC.

98.     As a direct and proximate result of Defendant's misrepresentations and omissions, Plaintiffs, and those similarly situated, have suffered damages. In particular, Plaintiffs seek to recover on behalf of themselves and those similarly situated the price premium paid for the Products, i.e., the difference between the price consumers paid for the Products and the price that

they would have paid but for Defendant's misrepresentation. This premium can be determined by using econometric or statistical techniques such as hedonic regression or conjoint analysis.

Answer:  Colgate admits that Plaintiffs purport to seek "to recover on behalf of themselves and those similarly situated the price premium paid for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation" but denies that Plaintiffs incurred or are entitled to recover any damages.  Colgate denies the remaining allegations in Paragraph 98 of the FAC.

99.    Defendant's conduct as described herein was willful and malicious and was designed to maximize Defendant's profits even though Defendant knew that the conduct would cause loss and harm to Plaintiffs and those similarly situated.

Answer:  Denied.

## PLAINTIFFS' FOURTH CAUSE OF ACTION

### (Negligent Misrepresentation)

### On Behalf of Themselves and the Class

100.    Plaintiffs reallege and incorporate by reference the paragraphs of this First Amended Complaint as if set forth herein.

Answer:  Colgate admits that Plaintiffs purport to incorporate the allegations set forth above in the FAC, and Colgate incorporates its answers to the allegations set forth above in the FAC.

101.    Defendant provided false and misleading information regarding the Products, representing that the Products have a recyclable tube, which reasonable consumers understand to mean that recycling facilities that recycle the Products are available to a substantial majority of consumer or communities in California and nationwide. Defendant deceptively failed to inform Plaintiffs, and those similarly situated, that recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California and nationwide.

Answer:  Denied.

102.    These representations were material at the time they were made. They concerned material facts that were essential to the analysis undertaken by Plaintiffs as to whether to purchase the Products.

Answer:  Paragraph 102 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 102 of the FAC.

103.    Defendant made identical misrepresentations and omissions to members of the Class and Subclass regarding the Products.

Answer:  Denied.

104.    Defendant should have known its representations to be false and had no reasonable grounds for believing them to be true when they were made.

Answer:  Denied.

105.    By and through such negligent misrepresentations, Defendant intended to induce Plaintiffs and those similarly situated to alter their position to their detriment. Specifically, Defendant negligently induced Plaintiffs, and those similarly situated to, without limitation, to purchase the Products.

Answer:  Paragraph 105 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 105 of the FAC.

106.    Plaintiffs and those similarly situated relied to their detriment on Defendant's negligent misrepresentations. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendant, they would have acted differently by, without limitation, not purchasing (or paying less for) the Products.

Answer:  Paragraph 106 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 106 of the FAC.

107.    Plaintiffs and those similarly situated have suffered damages. In particular, Plaintiffs seek to recover on behalf of themselves and those similarly situated the price premium paid for the Products, i.e., the difference between the price consumers paid for the Products and the price that they would have paid but for Defendant's misrepresentation. This premium can be

1   determined by using econometric or statistical techniques such as hedonic regression or conjoint

2   analysis.

3       <u>Answer:</u>  Colgate admits that Plaintiffs purport to seek "to recover on behalf of themselves

4   and those similarly situated the price premium paid for the Products, i.e., the difference between

5   the price consumers paid for the Products and the price that they would have paid but for

6   Defendant's misrepresentation" but denies that Plaintiffs incurred or are entitled to recover any

7   damages.  Colgate denies the remaining allegations in Paragraph 107 of the FAC.

8   <u>**PLAINTIFFS' FIFTH CAUSE OF ACTION**</u>

9   **(Unfair, Unlawful and Deceptive Trade Practices)**

10  **On Behalf of Themselves and the Subclass**

11      108.   Plaintiffs reallege and incorporate by reference the paragraphs of this First

12  Amended Complaint as if set forth herein.

13      <u>Answer:</u>  Colgate admits that Plaintiffs purport to incorporate the allegations set forth

14  above in the FAC, and Colgate incorporates its answers to the allegations set forth above in the

15  FAC.

16      109.   Plaintiffs bring this claim on behalf of the Subclass for violation of the California

17  Business and Professions Code, §§ 17200, *et seq.* (the "UCL").  Within four (4) years preceding

18  the filing of this First Amended Complaint, and at all times mentioned herein, Defendant has

19  engaged, and continues to engage, in unfair, unlawful and deceptive trade practices in violation of

20  the UCL by engaging in the conduct outlined in this First Amended Complaint.

21      <u>Answer:</u>  Paragraph 109 consists of legal conclusions to which no response is required.  To

22  the extent a response is required, Colgate denies the allegations in Paragraph 109 of the FAC.

23      110.   Defendant has engaged, and continues to engage, in unfair practices in violation of

24  the UCL by, without limitation:

25          a)   deceptively representing to Plaintiffs, and those similarly situated, the Products

26              have a recyclable tube;

b) failing to inform Plaintiffs, and those similarly situated, that recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California and nationwide;

c) contravening and undermining state policies expressed in California Public Resource Code sections 42355.5 (it is "the public policy of [California] that environmental marketing claims, whether explicit or implied, should be substantiated by competent and reliable evidence to prevent deceiving or misleading consumers about the environmental impact of plastic products"); and

a) contravening and undermining state and local policies in favor or recycling, recycling programs, and reducing the amount of plastic in landfills and the amount of pollution from plastic in the environment.

Answer: Paragraph 110 of the FAC consists of a legal conclusion to which no response is required. To the extent a response is required, Colgate denies the allegations of Paragraph 110 of the FAC.

111. Defendant has engaged, and continues to engage, in unlawful practices in violation of the UCL by, without limitation, violating the following laws:

a) the Federal Trade Commission Green Guides regulations, including, without limitation, 16 C.F.R. §§ 2601.1, 260.2, 260.3, 260.12(a), and 260.12(b) as described herein;

b) the Environmental Marketing Claims Act, including, without limitation, Cal. Bus. & Prof. Code § 17580(a) (Defendant has not maintained in written form in its records information and documentation supporting the validity of its recyclability representation) and §17580.5(a) (Defendant's representations and omissions complained of herein constitute untruthful, deceptive, or misleading environmental marketing claims) as described herein (collectively, "Greenwashing");

c)  the CLRA as described herein; and

d)  the FAL as described herein.

Answer:  Paragraph 111 of the FAC consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations of Paragraph 111 of the FAC.

112.   Defendant has engaged, and continues to engage, in fraudulent practices in violation of the Consumer Protection Acts by, without limitation:

a)  deceptively representing to Plaintiffs, and those similarly situated, the Products have a recyclable tube; and

b)  failing to inform Plaintiffs, and those similarly situated, that recycling facilities that recycle the Products are not available to a substantial majority of consumers or communities in California and nationwide.

Answer:  Paragraph 112 of the FAC consists of a legal conclusion to which no response is required.  To the extent a response is required, Colgate denies the allegations of Paragraph 112 of the FAC.

113.   Plaintiffs and those similarly situated relied to their detriment on Defendant's unfair, deceptive and unlawful business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendant, they would have acted differently by not purchasing (or paying less for) the Product

Answer:  Denied.

114.   Defendant's acts and omissions are likely to deceive reasonable consumers and the general public.

Answer:  Denied.

115.   Defendant engaged in these unfair practices to increase its profits. Accordingly, Defendant has engaged in unlawful trade practices in violation of the Consumer Protection Acts.

Answer:  Paragraph 115 consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations in Paragraph 115 of the FAC.

1  116.    The aforementioned practices, which Defendant has used to its significant financial

2  gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's

3  competitors as well as injury to the general public.

4  Answer:  Paragraph 116 of the FAC consists of a legal conclusion to which no response is

5  required.  To the extent a response is required, Colgate denies the allegations of Paragraph 116 of

6  the FAC.

7  117.    As a direct and proximate result of such actions, Plaintiffs and the other members

8  of the Class and Subclass have suffered and continue to suffer injury in fact and have lost money

9  and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition

10  in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of

11  this Court. In particular, Plaintiffs and those similarly situated paid a price premium for the

12  Products, i.e., the difference between the price consumers paid for the Products and the price that

13  they would have paid but for Defendant's misrepresentation. This premium can be determined by

14  using econometric or statistical techniques such as hedonic regression or conjoint analysis.

15  Alternatively, Plaintiffs and those similarly situated will seek a full refund of the price paid upon

16  proof that the sale of the Products was unlawful.

17  Answer:  Paragraph 117 consists of legal conclusions to which no response is required.  To

18  the extent a response is required, Colgate denies the allegations in Paragraph 117 of the FAC.

19  118.    Plaintiffs seek, on behalf of themselves and those similarly situated, equitable

20  relief, including restitution for the premium and/or the full price that they and others paid to

21  Defendant as result of Defendant's conduct. Plaintiffs and the Subclass lack an adequate remedy

22  at law to obtain such relief with respect to their "unfairness" claims under the UCL, because there

23  is no cause of action at law for "unfair" conduct. Plaintiffs and the Subclass similarly lack an

24  adequate remedy at law to obtain such relief with respect to their "unlawfulness" under the UCL

25  cause of action because the FTC Green Guides and Environmental Claims Marketing Act do not

26  provide a direct cause of action, so Plaintiffs and the Subclass must allege those violations as

27  predicate acts under the UCL to obtain relief.

28

1       <u>Answer:</u>  Paragraph 118 consists of legal conclusions to which no response is required.  To

2  the extent a response is required, Colgate denies the allegations in Paragraph 118 of the FAC.

3       119.    Plaintiffs also seek equitable relief, including restitution, with respect to their UCL

4  unlawfulness claims for violations of the CLRA, FAL and their UCL deceptiveness claims.

5  Pursuant to Federal Rule of Civil Procedure 8(e)(2), Plaintiffs make the following allegations in

6  this paragraph only hypothetically and as an alternative to any contrary allegations in their causes

7  of action 1, 3 and 4, in the event that such causes of action will not succeed. Plaintiffs and the

8  Subclass may be unable to obtain monetary, declaratory and/or injunctive relief directly under

9  causes of action 1, 3 and 4 and will lack an adequate remedy of law, if the Court requires them to

10  show classwide reliance and materiality beyond the objective reasonable consumer standard

11  applied under the UCL, because Plaintiffs may not be able to establish each class member's

12  individualized understanding of Defendant's misleading representations as described in

13  Paragraphs 18–30 of this First Amended Complaint, but the UCL does not require individualize

14  proof of deception or injury by absent class members. *See, e.g., Stearns v Ticketmaster,* 655 F.3d

15  1013, 1020, 1023–25 (9th Cir. 2011) (distinguishing, for purposes of CLRA claim, among class

16  members for whom website representations may have been materially deficient, but requiring

17  certification of UCL claim for entire class). In addition, Plaintiffs and the Subclass may be unable

18  to obtain such relief under causes of action 3 and 4 and will lack an adequate remedy at law, if

19  Plaintiffs are unable to demonstrate the requisite *mens rea* (intent, reckless, and/or negligence),

20  because the UCL imposes no such *mens rea* requirement and liability exists even if Defendant

21  acted in good faith.

22       <u>Answer:</u>  Paragraph 119 consists of legal conclusions to which no response is required.  To

23  the extent a response is required, Colgate denies the allegations in Paragraph 119 of the FAC.

24       120.    Plaintiffs seek, on behalf of themselves and those similarly situated, a declaration

25  that the above-described trade practices are fraudulent and/or unlawful.

26       <u>Answer:</u>  Paragraph 120 consists of legal conclusions to which no response is required.  To

27  the extent a response is required, Colgate denies the allegations in Paragraph 120 of the FAC.

28

121.    Plaintiffs seek, on behalf of themselves and those similarly situated, an injunction to prohibit the sale of the Products within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the implication that the Products are recyclable and disclose the omitted facts about the recyclability of the Products. Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the laws of California and other states, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendant to which Defendant was not entitled. Plaintiffs, those similarly situated, and/or other consumers nationwide have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

Answer:  Colgate admits that Plaintiffs purport to seek "an injunction to prohibit the sale of the Products within a reasonable time after entry of judgment, unless packaging and marketing is modified to remove the implication that the Products are recyclable and disclose the omitted facts about the recyclability of the Products," but deny that such an injunction should issue. Answering further, Paragraph 121 of the FAC consists of legal conclusions to which no response is required.  To the extent a response is required, Colgate denies the allegations of Paragraph 121 of the FAC.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, respectfully request that the Court enter judgment against Defendant as follows:

A.     Certification of the proposed Class and Subclass, including appointment of Plaintiffs' counsel as Class counsel;

B.     An order temporarily and permanently enjoining Defendant from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this First Amended Complaint;

C.      An award of compensatory damages in an amount to be determined at trial, except as to those causes of action where compensatory damages are not available by law;

D.      An award of statutory damages in an amount to be determined at trial, except as to those causes of action where compensatory damages are not available by law;

E.      An award of punitive damages in an amount to be determined at trial, except as to those causes of action where punitive damages are not available by law;

F.      An award of treble damages, except as to those causes of action where treble damages are not available by law;

G.      An award of restitution in an amount to be determined at trial;

H.      An order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded;

I.      For reasonable attorneys' fees and the costs of suit incurred; and

J.      For such further relief as this Court may deem just and proper.

<u>Answer:</u>  The Prayer for Relief consists of a summary of the relief Plaintiffs seek, to which no response is required.  To the extent a response is required, Colgate admits that Plaintiffs purport to seek the relief set forth in the Prayer for Relief in the FAC but denies that Plaintiffs or any putative class member is entitled to any such relief.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demands a trial by jury.

<u>Answer:</u>  Colgate admits that Plaintiffs demand a trial by jury.  Colgate demands a jury trial on all claims, causes of action, and issues so triable.

## **STATEMENT OF DEFENSES**

The following statement of defenses is not intended to characterize any particular defense as "affirmative," nor to specify which party bears the burden of proof or persuasion on a particular issue.

**FIRST DEFENSE (COMPLIANCE WITH APPLICABLE LAWS AND REGULATIONS)**

Plaintiffs' claims are barred, in whole or in part, because the labeling of the Products complied with all applicable laws, regulations, and guidance, including the FTC Green Guides.

**SECOND DEFENSE (NO RELIANCE)**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not purchase the Products in reliance on the alleged misrepresentations or omissions challenged in the FAC. Plaintiffs also knew, at all relevant times, whether recycling facilities in their localities accept toothpaste tubes for recycling and therefore could not have justifiably relied on the alleged misrepresentations or omissions asserted in the FAC.

**THIRD DEFENSE (ADEQUATE REMEDY AT LAW)**

Plaintiffs are not entitled to seek restitution or any other equitable remedies because, to the extent they are entitled to any remedy at all, they possess an adequate remedy at law.

**FOURTH DEFENSE (WAIVER)**

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.  At all relevant times, the labeling of the Products adequately disclosed potential limitations on the acceptance of the Products at recycling facilities.  Because Plaintiffs knew or should have known whether the Products were accepted at recycling facilities in their localities, their claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTH DEFENSE (ESTOPPEL)**

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.  At all relevant times, the labeling of the Products adequately disclosed potential limitations on the acceptance of the Products at recycling facilities.  Because Plaintiffs knew or should have known whether the Products were accepted at recycling facilities in their localities, their claims are barred, in whole or in part, by the doctrine of estoppel.

**SIXTH DEFENSE (MOOTNESS)**

Plaintiffs' injunctive relief claims are barred in whole or in part by the doctrine of mootness based on the updated labeling of the Products.

### SEVENTH DEFENSE (NO INJURY)

Plaintiffs' claims are barred in whole or in part because they suffered no injury as a result of the misrepresentations or omissions challenged in the FAC or any other acts or omissions of Colgate.

### EIGHTH DEFENSE (NO DECEPTION)

Plaintiffs' claims are barred in whole or in part because no reasonable consumer would be deceived by the factually accurate recyclability claims on the Products.

### NINTH DEFENSE (FAILURE TO MEET REQUIREMENTS OF FED. R. CIV. P. 23)

Plaintiffs are not entitled to maintain their case as a class action because they fail to meet the requirements of Federal Rule of Civil Procedure 23.

### TENTH DEFENSE (RESERVATION OF ADDITIONAL DEFENSES)

Colgate hereby reserves the right to amend its Answer to raise additional defenses as they become available or apparent to it through discovery in this matter or otherwise.


Dated:    February 29, 2024              JENNER & BLOCK LLP



                                By:    */s/ Kate T. Spelman*
                                       Kate T. Spelman
                                       Dean N. Panos

                                       *Attorneys for Defendant*
                                       *Colgate-Palmolive Company*