**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Francisco J. Rolon (*pro hac vice*)
francisco@gutridesafier.com
10 Glenlake Parkway, Suite 130
Atlanta, GA 30328
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**JENNER & BLOCK LLP**
Kate T. Spelman (State Bar No. 269109)
kspelman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Dean N. Panos (*pro hac vice)*
dpanos@Jenner.Com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MIKHAIL GERSHZON, KRISTIN DELLA, and JILL LIENHARD, on behalf of themselves, the general public, and those similarly situated,

Plaintiffs,

v.

COLGATE-PALMOLIVE COMPANY,

Defendant.

Case No. 3:23-cv-04086-JCS

CASE MANAGEMENT STATEMENT

Hon. Magistrate Judge Joseph C. Spero

Date: September 9, 2026
Time: 2:00 p.m.
Via Zoom

Mikhail Gershzon, Kristin Della, and Jill Lienhard ("Plaintiffs") and Colgate-Palmolive Company ("Defendant," and collectively with Plaintiffs, the "Parties"), submit this Case Management Statement pursuant to the Court's July 8, 2026 minute order (ECF No. 115) to supplement their prior positions as set forth in the Parties' Initial Rule 26(f) Report filed on January 2, 2024 and other case management statements filed in this action (ECF Nos. 41, 44, 51, 55, 58, 73, 89, 105, 114).

**1. Jurisdiction and Service:**

No supplement at this time.

**2. Facts:**

No supplement at this time.

**3. Legal Issues:**

No supplement at this time.

**4. Motions:**

The Parties intend to work cooperatively to resolve any discovery disputes without Court intervention, but may file discovery motions if necessary. The Parties also anticipate filing motions for summary judgment, pretrial motions, including motions to exclude expert testimony pursuant to Federal Rule of Evidence 702, and motions in limine, in accordance with the schedule proposed below.

**5. Amendment of Pleadings:**

No supplement at this time.

**6. Evidence Preservation:**

No supplement at this time.

**7. Disclosures:**

No supplement at this time.

**8. Discovery:**

The Parties previously focused their discovery on issues relating to class certification. Additional discovery remains to be conducted concerning, among other things, Defendant's labeling; third-party depositions and document subpoenas to materials recovery facilities and waste management companies operating in California, including Waste Management and Republic Services; damages; and completion of expert reports and expert discovery. The Parties may also serve requests for admission and seek stipulations concerning the authenticity and

admissibility of documents and other matters to narrow the issues for trial. The Parties propose deadlines for completion of this discovery below.

**9. Class Action Matters:**

The Parties submitted their stipulated Class Notice Plan on September 2, 2026. The Parties propose that class notice begin four weeks after entry of an order approving the plan and be completed within eight weeks of the Court's order, with the opt-out deadline set for four weeks after final notice is published.

**10. Related Cases:**

No supplement at this time.

**11. Relief:**

No supplement at this time.

**12. Settlement and ADR:**

The Parties attended private mediation with Robert Meyer of JAMS on August 6, 2025, prior to the Court's class certification order and the Ninth Circuit's decision on Defendant's Rule 23(f) petition, but were unable to reach a settlement.

**13. Other References:**

No supplement at this time.

**14. Narrowing of Issues:**

No supplement at this time.

**15. Scheduling:**

The Parties have met and conferred and propose the schedule below. The only disagreement is regarding the expert disclosure deadline.

Plaintiffs' Statement

Rule 26(a)(2)(D) expressly gives the Court discretion to set "the times" and "sequence" of expert disclosures. Plaintiffs propose that the parties serve their opening expert reports on the same date, followed by a single deadline for rebuttal reports. Plaintiffs believe this approach is more streamlined and consistent with the typical sequencing of expert discovery. Moreover, Defendant already has substantial visibility into the expert evidence Plaintiffs intend to present

at trial because Plaintiffs submitted expert evidence in connection with class certification. Under these circumstances, requiring Plaintiffs to disclose their opening expert reports first would give Defendant an additional opportunity to preview and respond to Plaintiffs' expert case before disclosing its own affirmative expert opinions, creating an unnecessary asymmetry and potential prejudice to Plaintiffs. Although a subsequent rebuttal deadline would permit Plaintiffs to respond to Defendant's reports, rebuttal is not a substitute for an equal opportunity to develop and present affirmative expert evidence. Plaintiffs therefore propose simultaneous opening disclosures, followed by simultaneous rebuttal disclosures.

Defendant's Statement

Defendant requests that the Court adopt a staggered schedule under which Plaintiffs, who bear the burden of proof on their claims, serve expert reports first, followed by Defendant's reports, with a further deadline for Plaintiffs to serve rebuttal reports.

As the Advisory Committee Notes to the 1993 Amendments to Rule 26 explain, "in most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment. Courts in this Circuit rely on this principle in structuring expert discovery, including because simultaneous disclosure of opening expert reports can prejudice the defendant. *See, e.g.*, *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 WL 1459572, at *2 (N.D. Cal. June 21, 2005) ("requiring Plaintiffs to make their Rule 26(a)(2) disclosures in advance of Defendants [was] more consistent with the parties' burdens" and "simultaneous disclosure would in fact prejudice the Defendants" who "would have to respond to Plaintiffs' possible theories of liability rather than focus on theories [actually] relied upon by Plaintiffs' experts"); *see also Stonefire Grill, Inc. v. FGF Brands, Inc.*, 2013 WL 12126773, at *5 (June 27, 2013) (defendant's delay in designating expert witness was "substantially justified," because the plaintiff "should disclose its expert testimony on the issue of damages before [the d]efendant is required to disclose its experts as to that issue").

Because Plaintiffs bear the burden of proof on liability and damages at trial, they should

be required to disclosure their opening expert reports first so that Defendant's reports can respond to the actual theories, calculations, and methodologies Plaintiffs intend to advance, rather than requiring Defendant to guess at the scope of Plaintiffs' case and disclose defensively broad reports covering every issue Plaintiffs conceivably might raise.

Plaintiffs' argument that Colgate "already has substantial visibility into the expert evidence Plaintiffs intend to present at trial" does not resolve this problem. The expert reports Plaintiffs submitted in connection with class certification addressed the Rule 23 requirements (e.g., predominance, commonality) and will undoubtedly differ from the expert disclosures on liability and damages Plaintiffs will submit at the merits stage. Moreover, any residual concern Plaintiffs have about responding to Defendant's reports is fully addressed by the rebuttal deadline Defendant has proposed, which gives Plaintiffs a full and fair opportunity to rebut Defendant's experts' reports.

Proposal

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| **Fact Discovery Cutoff** | March 18, 2027 | |
| **Expert Disclosures** | Plaintiffs' Proposal:<br>Expert Disclosure Deadline:<br>April 15, 2027<br><br>Expert Rebuttal Deadline:<br>June 17, 2027 | Defendant's Proposal:<br>Plaintiffs' Expert Disclosure Deadline:<br>April 15, 2027<br><br>Defendant's Expert Disclosure Deadline:<br>June 17, 2027<br><br>Plaintiffs' Rebuttal Deadline:<br>July 22, 2027 |
| **Expert Discovery Cutoff** | August 12, 2027 | |
| **Deadline for Dispositive Motions and Rule 702 Motions to Exclude Expert Testimony** | September 9, 2027 | |
| **Deadline for Oppositions to Dispositive Motions and Rule 702 Motions to Exclude Expert Testimony** | October 21, 2027 | |

| | |
|---|---|
| **Deadline for Replies in Support of Dispositive Motions and Rule 702 Motions to Exclude Expert Testimony** | November 18, 2027 |
| **Deadline for Hearing on Dispositive Motions and Rule 702 Motions to Exclude Expert Testimony** | Wednesday, December 15, 2027, 9:30 a.m. |
| **Pretrial Conference** | 60 days after summary judgment decision |
| **Trial** | 3 weeks after pre-trial conference |

**16. Trial:**

Plaintiffs demand a jury trial. The Parties estimate that trial will take approximately ten Court days.

**17. Disclosure of Non-party Interested Entities or Persons:**

No supplement at this time.

**18. Professional Conduct:**

No supplement at this time.

**19. Other Matters:**

No supplement at this time.

Dated: September 2, 2026

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**JENNER & BLOCK LLP**

*/s/Kate T. Spelman/*
Kate T. Spelman (State Bar No. 269109)
kspelman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Dean N. Panos (*pro hac vice)*
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendant*

**ATTESTATION OF CONCURRENCE IN FILING**

In accordance with the Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories who are listed on the signature page.

Dated: September 2, 2026

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*

Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*