**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

Francisco J. Rolon (*pro hac vice*)
francisco@gutridesafier.com
10 Glenlake Parkway, Suite 130
Atlanta, GA 30328
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**JENNER & BLOCK LLP**
Kate T. Spelman (State Bar No. 269109)
kspelman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Dean N. Panos (*pro hac vice)*
dpanos@Jenner.Com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKHAIL GERSHZON, KRISTIN DELLA, and JILL LIENHARD, on behalf of themselves, the general public, and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COLGATE-PALMOLIVE COMPANY,<br>Defendant. | Case No. 3:23-cv-04086-JCS<br><br>AMENDED STIPULATION AND [PROPOSED] ORDER REGARDING CLASS NOTICE PLAN |

The parties, MIKHAIL GERSHZON, KRISTIN DELLA, and JILL LIENHARD ("Plaintiffs") and COLGATE-PALMOLIVE COMPANY ("Defendant"), submit this Amended Stipulation Regarding Class Notice Plan pursuant to the Court's April 15, 2026 Minute Order and September 3, 2026 Order re Stipulated Class Notice Plan, which directed the parties to make specific revisions to their original proposal. (ECF Nos. 110, 121.)

## I. Legal Standards

Rule 23(c)(2) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2). The rule continues:

> The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and manner for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

*Id.*

The Federal Judicial Center has issued guidelines recommending that notice reach at least 70% of class members. *See* Notice Checklist and Plain Language Guide (2010) ("Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide"), at 1.

The California Legal Remedies Act ("CLRA") sets forth additional notice requirements. It provides as follows:

> (d) If the action is permitted as a class action, the court may direct either party to notify each member of the class of the action. The party

> required to serve notice may, with the consent of the court, if personal notification is unreasonably expensive or it appears that all members of the class cannot be notified personally, give notice as prescribed herein by publication in accordance with Section 6064 of the Government Code in a newspaper of general circulation in the county in which the transaction occurred.
>
> (e) The notice required by subdivision (d) shall include the following:
>
> (1) The court will exclude the member notified from the class if he so requests by a specified date.
>
> (2) The judgment, whether favorable or not, will include all members who do not request exclusion.
>
> (3) Any member who does not request exclusion, may, if he desires, enter an appearance through counsel.

Cal. Civ. Code 1780(d)-(e).

Government Code section 6064, which is referenced in the CLRA notice provision, provides that "[p]ublication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient." Cal. Gov't Code § 6064. Defendant takes no position on whether the notice requirements set forth in the CLRA are required under Rule 23 but does not object to the publication notice that will be provided.

## II. Class Definition.

The Certified Class and relevant notice population is defined as "All persons who purchased, in the State of California, a Colgate or Tom's of Maine brand toothpaste product with the language 'Recyclable Tube' on the outer package ('Products') between August 29, 2019, and the date of notice of pendency, except the Excluded Products." ECF No. 103. "The Excluded Products are defined as MaxFresh 6 oz. (UPC No. 35000764522); MaxFresh 6.3 oz. (UPC No. 35000996671); and Tom's of Maine Sensitive Rapid Relief Toothpaste Fresh Mint Fluoride (UPC No. 77326835623)." *Id.*

The Court also certified the following subclasses:

- Subclass 1: All Class Members who purchased Products with a "Recyclable Tube" claim or chasing arrows with an asterisk on the front panel of the outer package, and without "check locally" stated on the outer package.
- Subclass 2: All Class Members who purchased Products with a "Recyclable Tube" claim on the back and/or side panel of the outer package, with no such claim appearing on the front panel, and without "check locally" stated on the outer package.
- Subclass 3: All Class Members who purchased Products with a "Recyclable Tube" claim on the back and/or side panel of the outer package, with no such claim appearing on the front panel, and with "check locally" stated on the outer package.
- Subclass 4: All Class Members who purchased Products with a "Recyclable Tube" claim or chasing arrows with an asterisk on the front panel of the outer package and with "check locally" stated on the outer package.

## III. Proposed Forms And Methods Of Class Notice

### A. Notice Administrator And Summary Of Plan.

Class Counsel has solicited a proposal from the well-known class action administration firm Epiq Systems, Inc. ("Epiq"). Epiq has designed a plan that will reach at least 70% of class members, at a frequency of 2.4 times each. *See* Declaration of Cameron R. Azari ("Azari Decl.") ¶ 19.

The notice plan will include construction of a notice website where class members can obtain information about the case and fill out a simple form to exclude themselves from the class (Exhibits D, E). The notice website (www.recyclabletoothpastetubeclassaction.com) will include the detailed notice substantially in the form of Exhibit A, which covers all issues set forth in Rule 23(c)(2) and the CLRA.

In addition, the notice administrator will (1) send individual email or mailed notice to potential class members identified through Defendant's direct-to-consumer sales records (*see* Exhibit C), (2) publish notice in the form of online banner advertisements on the Google DoubleClick network and social media advertisements on Facebook and Instagram (*see* Exhibit B), (3) sponsored search listings on Google, Yahoo!, and Bing, and (4) publish CLRA notice in print in *USA Today* (*see* Exhibit F).

This notice plan is typical in consumer class actions and follows standard best practices. *See* Azari Decl. ¶¶ 11–52. It is described in more detail below.

**1. Individual Notice.**

The Products were primarily sold by third-party retailers. While some retailers may have "loyalty card" data identifying some class members, it is not likely that this information can be used to provide timely, effective class notice in this case. Retailers would also likely object to subpoenas seeking such information on grounds of burden and consumer privacy, and any records ultimately obtained may not reliably identify class members.

Defendant will search its direct-to-consumer sales records for consumers who purchased the Products during the Class Period using a California mailing address. Defendant will provide the records to the Notice Administrator. If Defendant's records show an email address for the consumer, the notice administrator will provide an email in the form of Exhibit C. For email notices for which a bounce code is received indicating that the message was undeliverable, at least two additional attempts will be made to deliver the notice by email. The email addresses all the issues in Rule 23(c)(2) and the CLRA, and it will link to the notice website, where class members can opt out either online (Exhibit D) or by printing and mailing (Exhibit E). If Defendant's records show a mailing address but not an email address for the consumer, the notice administrator will provide notice by first class mail also in the form of Exhibit C, as modified. The text of the mailed notice will be identical to the email notice.

**2. Online Notice.**

The notice administrator will publish online notice in the form of Exhibit B, in at least 51 million impressions on a variety of websites through the Google, Facebook, and Instagram network and social media platforms. Because of the limited space available in online advertising, the notices urge the viewer to "click here" to obtain additional information, which links to the notice website.

**3. Print Notice.**

The notice administrator will publish print notice in the form of Exhibit F, as a 1/4-page advertisement, once per week for four successive weeks, in the San Francisco, Los Angeles, and Phoenix editions of *USA Today*.

**B. Proposed Opt-Out Deadline**

All notices will be distributed within six (6) weeks from the date notice is first initiated. Accordingly, the parties suggest that class members' deadline to opt out be eleven (11) weeks from the date on which notice is initiated, or five (5) weeks after the final notice is published.

**C. Costs.**

Defendant will bear its own costs of searching its databases and providing contact information for potential class members to Epiq. Class counsel will bear the other costs of notice as a litigation expense. Epiq has estimated the costs of the above notice plan at approximately $56,896. In the event of a settlement or judgment in favor of Plaintiffs or the class, Class Counsel will seek reimbursement of these costs. Colgate reserves the right to oppose any such request.

**D. Timing Of Class Notice**

Once this Court orders notice to be initiated, it will take, at most, six (6) weeks to prepare the Website and begin notice. The opt-out deadline can be set for five (5) weeks after notice is completed.

**IV. Stipulation**

WHEREAS, Plaintiffs and Defendant have conferred regarding the procedures for providing notice to the Class, and for the reasons set forth above;

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that:

(1) The notice plan set forth above is approved.

(2) The Court appoints and designates Epiq as the Notice Administrator.

(3) The contents of the Long-Form Notice, online notice, email notice, online opt out form, printable opt-out form, and print notice proposed by Plaintiffs are approved and the final versions shall be substantially the same as Exhibits A, B, C, D, E, and F to the Declaration of Rajiv V. Thairani.

(4) Defendant will search its direct-to-consumer sales records for consumers who purchased the Products during the Class Period using a California mailing address and provide the data to the Notice Administrator for individual notice.

(5) Epiq shall follow the procedures set forth in the attached Azari Declaration.

(6) The Notice Date shall be six (6) weeks after the Court's Order approving this Stipulation.

(7) On or before the Notice Date, Epiq shall publish a case website, www.recyclabletoothpastetubeclassaction.com, which will include: the Long-Form Notice, links to the operative pleadings and class certification order, a webpage for online completion and submission of the Online Opt-Out Form, a downloadable version of the Printable Opt-Out Form, and a contact information page that includes an email address, mailing address, and telephone number for Epiq. Plaintiffs and Epiq shall update the website to reflect significant developments in the case.

(8) Each class member who wishes to be excluded from the Class must submit to the Notice Administrator a written statement requesting to opt out of the Class. Such opt-out requests must be made by submitting the online form on the case website or by mailing a valid opt-out request by First Class U.S. Mail to the address specified in the Long-Form Notice. To be effective, the opt-out request must: (a) include the class member's full name and address; (b) explicitly and unambiguously state the class member's desire to opt out of the Class in this lawsuit, such as by the statement: "I request to be excluded from the Class in *Gershzon v. Colgate-Palmolive Company,* Case No. 3:23-cv-04086-JCS;" and (c) be individually and personally signed by the class member (if the class member is represented by counsel, it must also be signed by such counsel).

(9) The deadline for class members to request opt-out from the Class shall be five (5) weeks after notice is completed (the "Opt-out Deadline"). Such requests must be submitted online, postmarked, or received by the Notice Administrator by the Opt-Out Deadline.

(10) Any class member who fails to submit a timely and valid written request to opt-out consistent with this Order shall be deemed to be a member of the Class and shall be bound by the subsequent judgments of this Court pertaining to the Class, unless determined otherwise by the Court.

(11) The Notice Administrator shall provide in writing to Defendant's Counsel and Class Counsel the names of those class members who have requested exclusion from the Class in a valid and timely manner. Epiq shall file a declaration with this Court within seven (7) days of the Opt-out Deadline, reporting the results of the Notice Plan, including the number of class members who submitted valid and timely exclusion requests, and a list of the persons who submitted valid and timely exclusion requests.

(12) Any class member who validly and timely elects to be excluded shall not be bound by the judgments in this action and shall not receive any share of any monetary judgment entered in the Class's favor in this action. Class Members who do not wish to be bound by a judgment in favor of or against the Class must exclude themselves from the Class in a valid and timely manner.

**IT IS SO STIPULATED.**

Dated: September 11, 2026

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Marie A. McCrary (State Bar No. 262670)
marie@gutridesafier.com
Hayley A. Reynolds (State Bar No. 306427)
hayley@gutridesafier.com
Rajiv V. Thairani (State Bar No. 344390)
rajiv@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile: (415) 449-6469

*Attorneys for Plaintiffs*

**JENNER & BLOCK LLP**

*/s/Kate T. Spelman/*
Kate T. Spelman (State Bar No. 269109)
kspelman@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071-2054
Telephone: (213) 239-5100
Facsimile: (213) 239-5199

Dean N. Panos (*pro hac vice)*
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 222-9350
Facsimile: (312) 527-0484

*Attorneys for Defendant*

## ATTESTATION

In accordance with Civil Local Rule 5-1(h)(3), I attest that concurrence in the filing of this document has been obtained from the other signatory.

Dated: September 11, 2026

**GUTRIDE SAFIER LLP**

*/s/Rajiv V. Thairani/*

Rajiv V. Thairani

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: ______________________________

Judge Joseph C. Spero
United States Magistrate Judge